CENTRAL TEXAS & NORTHWESTERN RAILWAY CO. v. W. B. BUSH.

No. 790.

1. **Railway Company—Charge of Court—Issue—Weight of Bell.**

In an action against a railway company, where all the clauses of the charge submitting the issues of negligence of the defendant authorized a verdict for plaintiff only in case of the negligence of defendant's employes, the fact that the charge, in stating what the statute requires of railway companies as to giving

signals at public crossings, specifies the weight of the bell required to be used, is not reversible error, although there was no issue in the pleadings and evidence as to the weight of the bell.

2. Same—Contributory Negligence.

Where the case stated in plaintiff's pleadings does not imply contributory negligence, and such negligence is not indicated by plaintiff's evidence, but is pleaded as a defense by the opposite party, the burden of proving such negligence is on the defendant.

3. Charge of Court—Verbal Error.

Where it is apparent from the context of the charge that the court used the word "defendant" where "plaintiff" was intended, such mistake is not material error. Following Railway v. Porfert, 72 Texas, 344.

4. Charge of Court—Negligence.

Where the charge of court requires a verdict for defendant, if there was negligence on the part of plaintiff proximately contributing to his injury, it is not error to refuse to instruct that a failure to comply with the statute as to giving signals at a puble crossing does not create a liability against the defendant company, unless the injury charged is directly attributable to such failure, and the party injured used due care and caution.

5. Same—Charge Too Indefinite—"Wild Engine."

In a charge by the court to the effect that a railway company has "the right to run its engines or trains at such times as it chooses, and the running of a train or an engine out of schedule time, or as a wild engine, is not of itself an act of negligence," the expression "or as a wild engine" is too indefinite and is misleading.

6. Railway Company—Negligence—Duty to Look and Listen for Trains.

It is not a duty devolving by law upon one about to cross a railroad track to look and listen for approaching trains.

APPEAL from Ellis. Tried below before Hon. J. E. DILLARD.

*Frost & Blanding*, for appellant.—1. The charge of the court must agree with the allegations contained in the pleadings, and as no issue was made by the pleadings, as to the weight of the bell, the charge given was error, and was calculated to mislead the jury. Houston v. Railway, 84 Texas, 594.

2. The court has the right to charge, that it is the duty of those in charge of a train in approaching a crossing to blow the whistle and ring the bell as a warning of danger to travelers on the public highway, but it has no right to charge that the omission to do so would be negligence. Calhoun v. Railway, 84 Texas, 230; Railway v. McElmurray, 25 S. W. Rep., 324.

3. Though the general charge submitted the defense of contributory negligence, yet, it was a right of the defendant to have the defense of contributory negligence presented by an instruction comporting exactly with the facts proved or developed in the case. Matti v. Railway, 32 Am. & Eng. R. R. Cas., 73; Baker v. Railway, 26 S. W. Rep., 21; Boyd v. Railway, 16 S. W. Rep., 909; Railway v. Houston, 95 U. S., 697; Mehegan v. Railway, 6 N. E. Rep., 9; Schofield v. Railway, 114 U. S., 615; Railway v. Thompson, 62 Ala., 494; Durbin v. Railway, 17 Or., 5, s. c. 32 Am. & Eng. R. R. Cas., 149; Merkel v. Railway, 49 N. J. L., 473; Nosler v. Railway, 34 N. W. Rep., 850.

*E. P. Anderson*, for appellee.

JAMES, CHIEF JUSTICE.—The evidence was that plaintiff was struck and injured by an engine while in the act of crossing appellant's track in a buggy at a public road crossing. The testimony was conflicting upon the following issues in the case, viz., the issue of contributory negligence of plaintiff, and the issue of negligence defendant in failing to give the statutory signals in approaching the crossing and otherwise. The conclusions of fact supporting the verdict of the jury are that plaintiff exercised reasonable care on the occasion of his injury, and that the cause of his injury was the negligence of defendant's employes.

*Opinion.*—It is said that the court erred in the following part of its charge: "The law requires railroad companies to place a bell of at least thirty pounds in weight and a steam whistle upon every locomotive operated by them, and the law requires that the bell be rung and the whistle blown at a distance of at least eighty rods from the place where the road shall cross any public road, and that such bell be kept ringing until it shall have crossed said public road; and a failure to comply with this statute is negligence." The criticism of this section of the charge is that there was no issue in the pleadings or evidence as to the weight of the bell. And the court, in another portion of its charge, instructed the jury that if they found defendant negligent, etc., without contributory negligence on the part of plaintiff, they should render a verdict for plaintiff. Thus, appellant claims, the court submitted the case upon, among other forms of negligence, the issue of the character of the bell used upon the engine. There would be much force in this assignment if this question had in fact been submitted as an issue in the case. What evidence there was on the subject tended to show that the bell was as the statute required; and in the absence of evidence that the bell was otherwise, the burden being upon plaintiff to show defendant's negligence, the court should not have submitted such inquiry as a ground of defendant's liability. Denham v. Lumber Co., 73 Texas, 78. The manner in which the case was presented to the jury by the charges excluded, or at least rendered very improbable, there giving effect to the character of the bell. All the clauses of the charge wherein the court undertook to submit the issues and apply its definitions of negligence to the facts of the case, authorize a verdict for plaintiff only in case of the negligence of defendant's employes operating the engine. We therefore do not perceive how it is probable that the jury were misled, or the defendant prejudiced, by the feature in the charge complained of.

The second assignment complains of this charge: "If the plaintiff has shown, by a preponderance of the testimony, that he was injured by defendant's engine and tender, through the negligence of its agents or servants in operating said engine, then the jury should find a verdict for plaintiff, unless the defendant has shown by a preponderance of evidence that defendant was guilty of contributory negligence, in which event they should find for defendant." The objection is that the charge

placed upon defendant the burden of proving contributory negligence on the part of plaintiff, when, as appellant claims, the evidence raises a suspicion of, or tends to show, contributory negligence. We understand the rule to be that, where the case stated in plaintiff's pleading would imply such negligence, it devolves upon him to negative the same by averment and by proof. Railway v. Cowser, 57 Texas, 302. So also, if such negligence should be indicated in plaintiff's case as made by his testimony, it would be incumbent on him to show that such was not the case. Murray v. Railway, 73 Texas, 2. But these conditions do not exist in the present case. Defendant pleaded contributory negligence as a defense, and the charge was not erroneous.

The third assignment relates to the same charge, in reference to the use of the word "defendant" in one place, where the court evidently, from the context, intended the word "plaintiff." Railway v. Porfert, 72 Texas, 344, decides this assignment against appellant.

What was proper in the refused charges mentioned in the fifth assignment was given in substance. The instruction stated in the latter part of this assignment would have been improper. The refused charge, the subject of the sixth assignment, was one proper to give, and if given would doubtless have presented the issue more clearly and pointedly than was done. It read, "The failure to ring the bell or blow the whistle by an engine on approaching a crossing does not create a liability against a railroad, unless the injury charged is directly attributable to such failure and the party injured used due care and caution in approaching and attempting to cross the track." The charges as given required a verdict for defendant, if there was negligence on the part of plaintiff contributing proximately to his injury; and in the event the jury found no such negligence, then that it devolved on the plaintiff to prove that there was negligence on the part of defendant's agents and servants in charge of the engine, and that this caused his injury. After the jury determined, as they must have done, that plaintiff had used due care, and that no act of his was the cause of the injury, it followed that, if the negligence of defendant's servants led to the injury, their act was the proximate cause thereof. We think the issue embodied in the charge that was asked was substantially and sufficiently presented to the jury by those that were given. The charges referred to by the seventh and eighth assignments were properly refused. The ninth and tenth assignments contend that the verdict was contrary to the evidence, and are not well taken.

*Affirmed.*

ON MOTION FOR REHEARING.

JAMES, Chief Justice.—As to the fifth assignment, appellant insists that it was material error not to give the following charge: "You are instructed that a railway company has the right to run engines or trains over its road at such times as it chooses, and the running of a train

or an engine out of schedule time, or as a wild engine, is not of itself an act of negligence." If the charge had not contained the expression "or as a wild engine," which is indefinite and calculated to mislead, the charge undoubtedly embodied a correct principle of law, and should have been given. McDonald v. Railway, 86 Texas, 9. As prepared, it was rightly refused. As a statement of a proposition of law (eliminating the above expression), we fail to see wherein it was not substantially given in the statement in the charge: "Railroad companies have the right to run their trains over their roads at any time, and at any rate of speed they desire, except in incorporated cities and towns, but the law requires them to use reasonable care and precaution to prevent injury to persons who may be crossing the track."

According to plaintiff's testimony, he did look as he approached the crossing eastward, which was open, and westward, which was obstructed, so far as he was able to do. According to his statement, negligence on his part was not made apparent, as is contended by appellant in this motion. And contrary to the view of appellant's counsel, it has been decided in this State that it is not a duty devolving by law on plaintiff to "look and listen" before crossing the track. Railway v. Neff, 87 Texas, 308. Hence, we think that the burden of showing the want of contributory negligence was not upon the plaintiff.

As we have stated in the opinion delivered, the charge mentioned in the sixth assignment was a proper one. But the question is: Was any injury done to defendant by not giving this charge, in view of what was given in charge, and the verdict thereon? Upon the charge relating to the effect of plaintiff's negligence, which was unquestionably correct, the verdict was that he had been free from contributory negligence. The evidence is such as would show that the accident could have been avoided by reasonable care exercised by one party or the other. The jury, under correct instructions, found that plaintiff observed proper care in the premises, and it seems to us clear from this finding that if defendant was guilty of negligence causing the injury, it must be liable, as such act would be the responsible cause thereof, and it could not have made any difference in the result if the charge had stated that the injury should be directly attributable to such negligence.

The motion is overruled.

*Overruled.*

Delivered Feburary 19, 1896.

Writ of error refused.