WILLIAM N. HAMMON v. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

Delivered May 6, 1896.

**Railway Crossing — Accident at Crossing — Contributory Negligence as Matter of Law.**

Plaintiff's wife had intended to cross the defendant's railway track at a point some distance south, but finding a train there, and looking to the north and seeing none approaching from that direction, she decided to cross at another street. Before crossing there, she looked to the south, but not again to the north. She was struck on the crossing by a train from the north, which was moving with great speed, and which had not sounded its whistle or rung its bell. There was a strong wind from the south, and trees and other objects obstructed her view to the north. Held, that her negligence was not such as to debar her from recovering, as a matter of law, and the question should have been left to the jury.

APPEAL from Bee. Tried below before Hon. S. F. GRIMES.

*J. C. Crisp* and *Samuel B. Dabney*, for appellant.—The law raises no presumption of contributory negligence against the plaintiff, but the burden is upon the defendant to prove it in this class of cases. Nor can it be said that anything done or not done by Mrs. Hammon prima facie raised the presumption of negligence. The question presented was a mixed issue of law and fact, to be submitted to the jury under proper instructions, in order to enable them to determine what was the proximate cause of the accident. Railway v. Shieder, 30 S. W. Rep., 902; Railway v. Ormond, 64 Texas, 489; Railway v. Murphy, 46 Texas, 356; Railway v. Crawford, 24 Ohio, 631; 15 Am. Rep., 640.

*Proctors*, for appellee.—The Texas cases have uniformly held the act of stepping on a railway track in front of a moving train without looking, when there is nothing to obstruct the view, or to mislead, or to excuse the failure to look, to constitute contributory negligence as a matter of law. When it has been said by our Supreme Court that the question is for the jury, it has been in cases where there were circumstances, such as the obstruction of the view, misleading facts, etc., making the act one of questionable complexion. Sanchez v. Railway, 27 S. W. Rep., 922; Railway v. Bean, 76 Texas, 75; Railway v. Bracken, 59 Texas, 71; Railway v. Kutac, 72 Texas, 651; Railway v. Wilkins, 32 S. W. Rep., 252; Sanchez v. Railway, 27 S. W. Rep., 924; Railway v. Lee, 70 Texas, 496; Railway v. Anderson, 76 Texas, 244; Railway v. Wilson, 60 Texas, 142; Railway v. Porfert, 72 Texas, 344; Railway v. Byer, 76 Texas, 156; Dillingham v. Parker, 80 Texas, 572.

JAMES, CHIEF JUSTICE.—In this case the evidence was all introduced by plaintiff, and the court directed the jury to return a verdict for the defendant, there not being, as stated in the charge, sufficient evidence to warrant a recovery.

The proposition which appellee states represents the one issue in the case is, as stated by it, that the undisputed evidence established, as a matter of law, prima facie contributory negligence on the part of appellant's wife (the injured person); and then, with the burden of proof thrown on appellant, he did not show further facts from which the jury might have found the wife free from negligence.

Without going to the record, and taking the evidence as it is given in appellee's brief, we find testimony of the following facts: The injury occurred in the town of Beeville, at a street crossing, at about midday. Appellee's track ran along a street from north to south. Mrs. Hammon resided west of the track, and was on her way into town to make a purchase. The train which struck her was a freight train coming from the north. The depot was south from where she was struck, and south of the depot were the stock pens. At the time of the accident there was a train near the stock pens heading to the north. She had been accustomed to go into town crossing the track near the depot, but on this occasion, seeing this train at the pens, and looking northward, as she

says she did, and seeing no train; she decided to cross above on Heffer-
man street, where she was hurt. It would seem from her evidence that
when she looked north it was at the time she changed her course to go
by Hefferman street, and there is no evidence that she looked northward
again. She testified that she did not hear any whistle or bell, and did
not know of the approach of the train until it struck her. One witness,
who saw the accident from a point along the track south of where it
happened, testified that he saw the train coming, and saw Mrs. Ham-
mon on the west side of the railroad, going towards the track; that
just before she got to the track, she checked up a little and turned and
looked down the track instead of up the track, and then she turned and
walked across; and got nearly across the track when the train struck
her. There was evidence that on the west side of the track, close to
where she approached, there was a thicket of wiesatche trees from about
ten to fifteen feet high, the foliage beginning about twenty feet from
the track and extending to a fence. There was also evidence that from
about a block above a switch or spur of the track extending northward,
and that there were some cars on this switch at the time of the accident,
although it does not appear how many or at what precise place these
cars were standing. It appeared that to a person standing near the track
at the place of the accident, and looking up the track, there was noth-
ing to obstruct the view of a train coming from the north; a witness tes-
tifying that he did not think cars standing on the switch would obstruct
such view. There was testimony that a strong wind was blowing at
the time from the south; that no whistle was sounded after the train
left the cut, about 1100 feet off, and no bell rung; that the train was
moving with great speed down a grade, and did not stop at Beeville.

In view of these facts it is claimed that the injured person's negli-
gence was such (there being no evidence that she was seen by defendant's
employes before her injury was inevitable) that she was debarred as a
matter of law from recovering. To this we do not assent. The doc-
trine that has been sometimes applied in cases in this State, that a sus-
picion of negligence arising from the facts adduced by plaintiff places
the burden on him to disprove contributory negligence, and without ex-
planation by further evidence prevents his recovery, is now distinctly
repudiated in this State, and we need not give it attention. Railway v.
Shieder, 88 Texas, 165. The sole question to determine here is: Was
the evidence of such a nature that a jury might reasonably find there-
from that her conduct on this occasion was consistent with ordinary
care?

She was no trespasser on the tract. She had no notice of the train
coming, and was engaged in crossing it at a public street crossing. She
had some distance back from the track looked in the direction from
which this train came, and saw none, and seeing one further down, at
where she usually crossed to get to town, she concluded to cross on Hef-
ferman street. The trees we have mentioned doubtless obstructed her
view of the track for some of the distance over which she had to pass to

get to the crossing, and just before she got to the crossing, whatever the jury might have concluded in this respect as to cars standing on the switch. The train was running down grade at a great speed, and as some witnesses say, without any signal; and a strong wind was blowing from the south. These facts were calculated to have some effect on her opportunity to observe a train approaching from that direction and upon her conduct, and having seen none when she started, and seeing and hearing none as she went, there would be no such palpable negligence in her going upon the track as would peremptorily defeat recovery, unless her failure under these circumstances before stepping upon the track to look up the tract has that effect in law. That such is not the case has been more than once decided in this State. Railway v. Neff, 87 Texas, 308, and cases cited.

It is not necessary to discuss the case further. In our opinion, the evidence was such as to make it proper to leave the question of her negligence to the jury. Reversed and remanded.

*Reversed and remanded.*