GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. H. R. MICHALKE.

Decided December 17, 1896.

**Railway Crossing—Obstructing View.**

A railway company has a right, as a general rule, to erect the structures necessary for the prosecution of its business, and to leave standing cars upon its side track near a street or road crossing, but an obstruction of the view of a crossing by such means may constitute negligence; whether it does so or not, depends upon circumstances, and is a question of fact for the jury.

PETITION for writ of error to the Court of Civil Appeals, Fourth District, in an appeal from Colorado County.

Michalke sued the Railway Company to recover for personal injuries received through collision with a locomotive at a street crossing. Plaintiff recovered judgment, and on defendant's appeal it was affirmed. Appellant then applied for a writ of error. Among other grounds assigned was one based on the approval of the charge of the trial court permitting plaintiff to recover if "defendant permitted obstructions to be placed and remain upon its track and right of way so as to obstruct the view of plaintiff * * * and if you believe such acts, if any, constituted negligence * * * etc." The refusal of a charge to the effect that defendant had a right to erect certain structures by and stand cars upon its tracks was also assigned as error.

*Brown, Lane & Jackson,* and *Baker, Botts, Baker & Lovett,* for peti-
tioner.

GAINES, ASSOCIATE JUSTICE.—We are of the opinion that the appli-
cation for the writ of error in this case should be refused.   In upholding,
however, the ruling of the Court of Civil Appeals—that the first charge
requested by the plaintiff and given by the court was not error—we deem
it proper to say that we do not question the right of a railway company,
as a general rule, to erect the structures necessary for the prosecution of
its business and to leave standing cars upon its side tracks, near a street
or road crossing.   But we think that the circumstances of a case may be
such that, as a matter of fact, it may be negligence to do so.   It has been
so held by this court.   (Receivers v. Stewart, 17 S. W. Rep., 33.)   There
was evidence in this case from which in our opinion the jury were au-
thorized to infer negligence.   We do not understand the Court of Civil
Appeals to differ with us, with reference to this question; but as their
opinion does not point out the circumstances in evidence which take
the case out of the general rule, we think it best to say this much in
order to prevent a misconception of our ruling.

*Writ of error refused.*