Galveston, Harrisburg & San Antonio Railway Company v.
E. A. Harris et al.

Decided October 19, 1899.

1. **Practice in Trial Court—Directing Verdict—Evidence.**

To authorize the court to take a question of fact from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it.

2. **Railway Company—Negligence Per Se—Charge.**

The failure of a railway company to observe the statutory requirements as to giving signals when a train is approaching a public crossing is negligence per se, and the court may so charge; but it is for the jury to determine whether the signals were given.

3. **Same—Public Crossing—Duty to Look and Listen.**

The failure of one about to cross a railway track to look and listen for trains is not negligence per se, but the question is for the jury as to whether, under all the circumstances, he exercised the caution of a man of ordinary prudence. See charge held correct.

**4. Same—Charge Assuming Negligence.**

A charge that if deceased was intoxicated and by reason thereof was rendered imprudent and negligent and was thereby caused to approach the track without looking or listening for a train, as a man of ordinary prudence would have done, is erroneous in assuming that a man of ordinary prudence would not have approached the track without looking and listening for trains.

**5. Same—Drunkenness Rendering Negligent—Charge.**

There can be no recovery where the physical ability of deceased to guard against injury was, when he was about to cross the railroad track, so diminished by drunkenness, or his mental faculties blunted and rendered less acute, so that on that account he did not exercise reasonable care, the want of which was the proximate cause of his injury. See charge held correct.

**6. Same—Structures on Right of Way.**

A railway company has an absolute right to place engine houses, water tanks, etc., upon its right of way, though they obstruct the view near a crossing, and it was therefore error for the charge to submit its having done so as a question of negligence, but the presence of such structures is a matter to be considered in determining whether there was negligence in the operation of a train at a crossing whereby one is injured.

APPEAL from Colorado. Tried below before Hon. M. KENNON.

*Brown & Lane,* for appellant.

*J. W. Munson* and *Atkinson & Abernethy,* for appellees.

NEILL, ASSOCIATE JUSTICE.—E. A. Harris, the mother of Hattie Harris, brought this action for herself and as next friend of Lena, Alma, and Sarah Harris, the minor children of Hattie Harris, against the appellant, to recover damages for the death of Hattie Harris, alleged to have been caused by the negligence of appellant in operating one of its trains. The grounds of negligence alleged and relied on by the appellees against appellant are (1) the failure of appellant's servants operating the train to ring the bell or blow a whistle as required by law in approaching a crossing on appellant's railroad where deceased was killed; (2) the placing of a side track, water tank, and pump house just south of and adjoining the track on which the accident occurred, so as to obstruct deceased's view of the train; (3) the leaving of the crossing where the accident occurred in an unfinished, rough, and dangerous condition, so that deceased, in his effort to cross, was stopped, hindered, and impeded; (4) the running of the train at a dangerous and reckless rate of speed. The appellant answered by general demurrer, general denial, and a special plea of contributory negligence on the part of deceased. The case was tried before the jury, and the trial resulted in a judgment in favor of appellees for $4000. Upon the questions as to whether or not appellant was guilty of any or all of the acts of negligence alleged, and as to whether or not deceased was guilty of contributory negligence, the evidence was conflicting.

1. The court did not err in refusing to instruct the jury, at appellant's request, that, under the undisputed evidence, Harris' contributory negligence caused his death, and for that reason to find for appellant. To au-

thorize the court to take a question of fact from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it. Lee v. Railway, 89 Texas, 588. The facts and circumstances in this case were such that reasonable minds might draw different conclusions upon the question of deceased's contributory negligence, and the court therefore properly refused appellant's requested charge, and submitted the question to the finding of the jury.

2. The court did not err in these paragraphs of its charge: "(2) The law requires those operating railway trains to provide each locomotive with a bell and steam whistle, and that the bell be rung and the whistle blown at the distance of at least eighty rods from the place where the railroad shall cross any public road or street, and such bell shall be kept ringing until it shall have crossed such public road or street, or stopped ; and you are instructed that failure to comply with this statute is negligence on the part of those operating such locomotive. It is also made the duty of railway companies to use ordinary care to keep crossings or public roads or streets over its railroad in a reasonably safe condition for the passage of the public across them. (3) If you find from the evidence that Hattie Harris was killed, at the time and place alleged in the petition by plaintiffs, by a locomotive on defendant's railroad at a public crossing in Eagle Lake; and if you further find, from the evidence, those operating the locomotive failed to comply with the law given you in section 2 of this charge, in regard to blowing the whistle and ringing the bell, and that such failure was the proximate cause of Harris' death,—then you will find for the plaintiffs," etc. The failure of a railroad company to observe statutory requirements in the operation of its trains and in maintaining its road, enacted for the safety and protection of the public against accident, is, per se, negligence. It was for the jury to determine from the evidence whether the appellant disregarded these statutory duties, and if they were ignored by it, whether such negligence on its part was the proximate cause of Harris' death. In our opinion, the evidence was sufficient to require a submission of these issues to the determination of the jury, and they were properly submitted by the charge.

3. The court did not err in refusing, at the request of appellant, to give the jury the following charge: "In this cause, at the request of the defendant, you are charged that it was the duty of the deceased, Hattie Harris, when he approached the track of the railroad company, to use his natural senses of sight and hearing and his powers of action to avoid being injured by any passing or approaching train upon said track. In the use of such senses and powers he is required to use such care, caution, and prudence as an ordinarily prudent person would use under similar circumstances. If you find from the evidence that said Harris did not, when approaching or attempting to cross said track, use his said senses and power of action to avoid injury in such manner as an ordinarily prudent person would have done under similar circumstances, and that his failure to do so was the proximate cause of his injury, or contrib-

uted thereto, then the plaintiffs in this cause can not recover, and you will find in favor of the defendant; and this is true even though you should find from the evidence that the defendant was at the time also guilty of negligence." The effect of this charge is to make the failure of one approaching a railroad crossing to exercise his senses of sight and hearing, to avoid being injured by a passing train, negligence. The law imposes no such duty; nor does it raise the presumption of negligence from the failure of one, under such circumstances, to exercise such senses. As to whether such failure is negligence, is a question of fact, to be determined by the jury from all the attending circumstances. Railway v. Rogers, 91 Texas, 57; Railroad v. Neff, 87 Texas, 308. The court, after refusing such charge, did, at the request of appellant, instruct the jury "that it is the duty of anyone approaching a crossing over the track of a railway, with the view of crossing the same, to use such care and prudence for the purpose of guarding against injury as a man of ordinary prudence and care would have exercised under similar circumstances. Hence, if you believe from the evidence that a man of ordinary prudence and care, approaching the crossing of the railway with the view of crossing the same at the time and place and under the circumstances existing when the deceased attempted to cross the defendant's railway, would have stopped and listened for an approaching train, and if he had used such care, would have discovered the approach of the train in time to have avoided the injury; and if you further believe that the deceased did not use such prudence and care before attempting to cross the track, and the want of such prudence and care was the proximate cause of his injury,— then you are charged that he, under such circumstances, was guilty of contributory negligence; and if you find, under all the circumstances in evidence, that he was guilty of negligence in attempting to cross the track as the evidence shows he did, and that such negligence was the cause of his injury, then you will find for the defendant." This, in our opinion, properly presented the question of deceased's contributory negligence to the jury.

4. The appellant assigns as error the failure of the trial court to give the following charge: "If, from the evidence, you believe the deceased, Hattie Harris, was intoxicated at the time of his injury, and that by reason of such intoxication he was rendered imprudent and negligent, and was thereby caused to approach the railroad track without looking or listening for an approaching train, as a man of ordinary prudence, in full possession of his faculties, would have done under similar circumstances; and if you further believe from the facts that if deceased, Hattie Harris, had been sober, and using his senses of sight and hearing, he could have seen the approach of the train, or could have heard it, and thus averted the injury; and if you further believe that such drunkenness and conduct was negligence upon the part of deceased, Hattie Harris, which resulted in the injury complained of,—then he would be guilty of such contributory negligence as would bar plaintiffs of their right to recover anything, although you should find that defendant may itself have been negligent on

the occasion; and, if you so find, you will return a verdict for defendant." This charge assumes that a man of ordinary prudence and in full possession of his faculties would not approach a railroad track without looking and listening for an approaching train. If such assumption were true, then it would logically follow that the failure of deceased to look and listen for the train was negligence, for such failure would then be the absence of such care on his part as a man of ordinary prudence would exercise under like or similar circumstances. The following special charge, given at appellant's request, after the refusal of the above, to our minds properly announces the law arising from the evidence upon the question as to whether the deceased, if intoxicated, was guilty of contributory negligence by reason of such intoxication: "If you believe from the evidence that Hattie Harris was drunk at the time of the accident, and that his drunkenness diminished his physical ability to guard against and avoid the collision with the defendant's train, or that on account of such drunkenness his mental faculties were blunted and rendered less acute than they otherwise would have been; and if you further believe from the evidence that if deceased had been in full possession of his natural physical and mental power, unaffected by such drunkenness, he would have avoided the collision and injury, and that such injury was caused by reason of the diminution of either his physical or mental powers on account of such drunkenness, and that on account of such drunken condition the deceased did not exercise such care and prudence as a man of ordinary prudence and care would have used under similar circumstances, and that the want of such care was the proximate cause of his injury,—then plaintiffs are not entitled to recover." Railway v. McGlamory, 89 Texas, 638.

5. The appellant complains in one of its assignments of error of the court's giving the fourth paragraph of its charge, which is as follows: "(4) If you find from the evidence that the defendant had constructed a water tank, engine house, and the other buildings along its right of way, and had left cars standing upon its side track or spur, in such a manner as to obstruct the view of the deceased, so that thereby he could not see the approach of the train which struck him; and if you further find from the evidence that it was negligence in the company to so construct such buildings and leave such cars standing upon its side track, and that by reason of such negligence the deceased was struck and killed as charged,—then you will find for the plaintiffs, unless you find that the deceased contributed to his death by his own negligence in going upon the crossing. In this connection you are instructed that a railway company has the right to construct such structures as are named in plaintiffs' petition upon the right of way, and to leave cars standing upon its side tracks or spurs; and you are to determine whether it was negligence to construct such structures where they were placed, and as they were constructed, and to leave such cars upon the side tracks or spur where they were left, under the facts of this case; and unless you find that it was negligence upon the part of the defendant to so construct and locate such structures, and

leave such cars upon the side track or spur, and that such negligence was the proximate cause of the death of Harris, you will find for the defendant on that issue." It will be seen from this charge that the court submits to the jury the question as to whether or not the erection of such structures as are mentioned therein, by the railroad company, upon its right of way, is negligence. As the railroad company had the absolute right to place such structures on its right of way in such manner as it saw fit, its exercise of such a right can not of itself be negligence, either in law or fact, but is merely a matter to be considered on the question whether there was negligence on the part of defendant in the operation of its train by which deceased was killed at the crossing near where said structures were erected; and the nature and position of the structures may, in connection with the other facts and circumstances in the case, be considered by the jury in passing upon the question as to whether or not the deceased was guilty of contributory negligence in going upon appellant's track at the time of the collision. Railway v. Rogers, 91 Texas, 56; Railway v. Knight, 91 Texas, 663.

In the case last cited it is said by the court that: "In the case of Railway v. Rogers, 91 Texas, 52, we held that it is not negligence for a railroad to put on its right of way obstructions to the view of one approaching a crossing, whether the obstruction be placed there by the railroad for its own use, or by another, by the railroad's permission, to be used in connection with the business of the road; but it is merely a matter to be considered on the question whether there was negligence in the operation of a train at the crossing. It is obvious in the present case that the obstructions which were placed near the track of the defendant company were the ordinary structures used by the company in receiving and discharging its freight. When near a crossing, such structures necessarily obstruct the view of those using the highway in passing over the track. From the very nature of the case, at every depot of a railroad company the view of approaching trains must in some measure be shut off by the buildings which are requisite to the transaction of its business; and hence the erection and maintenance of such buildings can not, on account of their obstructing the view of the track, be deemed negligence, either in law or in fact." To our mind, the authority quoted clearly demonstrates that the paragraph of the charge complained of is erroneous, and makes further comment upon the question unnecessary. But, in justice to the trial judge, we deem it proper to say that the portion of the charge complained of is almost in the exact language of the one approved by this court in Railway v. Michalke, 14 Texas Civil Appeals, 495, and that an application to the Supreme Court for a writ of error in that case was refused. 90 Texas, 276.

6. It is unnecessary for us to discuss the other assignments of error, and we deem it sufficient to say that none is well taken. For reason of the error indicated, the judgment of the District Court is reversed, and the cause remanded.

*Reversed and remanded.*