GALVESTON, H. & S. A. RY. CO. v. LINNEY.

(Court of Civil Appeals of Texas. San Antonio. Jan. 28, 1914. Rehearing Denied March 4, 1914.)

1. RAILROADS (§ 307*)—CROSSING ACCIDENTS —LIABILITY FOR INJURIES.

At a crossing where the principal street of a town, constantly in use by the citizens thereof, was crossed by several tracks over which numerous trains passed at all hours of the day and night without any watchman to warn travelers of the approach of trains, a freight train was divided so as to leave an opening to pass through, and so as to obstruct travelers' vision of any train on another track. Plaintiff drove through this opening and was struck by a train moving rapidly without any signal on another track. Held, that there was a clear case of negligence on the part of the railroad company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 972–977, 979, 980; Dec. Dig. § 307.*]

2. RAILROADS (§ 350*)—CROSSING ACCIDENTS —ACTIONS—QUESTIONS FOR JURY.

In an action for injuries to a person who drove through an opening in a freight train at a crossing and was struck by a train on another track, evidence held to make a question for the jury as to his freedom from negligence, even assuming that the burden was on him to disprove negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

3. RAILROADS (§ 350*)—CROSSING ACCIDENTS —CONTRIBUTORY NEGLIGENCE.

The failure to stop, look, and listen before crossing a railway track at a street crossing is not negligence as a matter of law, but is only a circumstance for the consideration of the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

4. RAILROADS (§ 334*)—CROSSING ACCIDENTS —CONTRIBUTORY NEGLIGENCE.

The failure of a person placed in a position of imminent danger at a railroad crossing where he had to act hastily, through the negligence of the company, to pursue the wisest course, was not negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1027; Dec. Dig. § 334.*]

5. RAILROADS (§ 346*)—CROSSING ACCIDENTS —ACTIONS—BURDEN OF PROOF.

In an action for injuries in a crossing accident, where plaintiff's evidence did not raise a suspicion of contributory negligence, the burden of proving such negligence was on defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1117–1123; Dec. Dig. § 346.*]

6. RAILROADS (§ 307*)—CROSSING ACCIDENTS —LIABILITY FOR INJURIES.

The failure of a railroad company to have a watchman at a crossing on a city street constantly in use was no less negligence towards the inhabitants of the city because they knew of such failure.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 972–977, 979, 980; Dec. Dig. § 307.*]

7. DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff, a healthy man 55 years old, earning from $2,500 to $3,000 a year, was struck by a railroad train and terribly hurt in the back, shoulders, legs, and head. There was evidence of bruises over his body, on the chest, right side, and back, extensive bruises over the lower part of the shoulder blade, down over the ribs to the kidneys, a wound on the scalp that penetrated to the bone, and two ribs on the right side torn from the breastbone, that he was treated by a physician for a month, during which time his temperature was at all times up to and in excess of 100 degrees, that he suffered with a cough which continued to the time of the trial, that he had repeated attacks of pleurisy with rise of temperature and nervous spells, that the sciatic nerve was injured so as to produce numbness in one leg and pain below the hip, and that a fractured rib had penetrated the pleura. By such injuries he was made a permanent invalid without earning power. Held, that the evidence supported a verdict for $14,000.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

Appeal from District Court, Val Verde County; W. C. Douglas, Judge.

Action by C. M. Linney against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, McDowell & Robertson and Boggess & Smith, all of Del Rio, and W. B. Teagarden, of San Antonio, for appellant. Jones & Thurmond and J. Q. Henry, all of Del Rio, for appellee.

FLY, C. J. Appellee sued appellant to recover damages arising from personal injuries inflicted upon him through the negligence of appellant in backing a caboose into a buggy, in which he was riding, at a street crossing in Del Rio. Appellant pleaded contributory negligence. The cause was tried by jury, resulting in a verdict and judgment for appellee in the sum of $14,-000.

[1, 2] The evidence showed that appellant had several tracks north of its station in Del Rio; that a street, east of the depot, which was used more than any other in the town, was intersected by the tracks about 50 steps from the station; that appellant had a freight train on one of the tracks through which an opening had been left at the street; that appellee drove his horse into the opening between the cars at the street crossing, and, as he emerged from behind the cars and started to cross the track immediately north of the depot, a caboose was suddenly pushed upon him and serious and permanent bodily injuries inflicted. No bell was rung and no whistle sounded in approaching the crossing, and the train was making very little noise. The train was running at the rate of 12 miles or more an hour when it struck appellee.

The freight train was divided at the crossing, cars standing on each side, thereby in-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

viting citizens of the town to enter upon and pass over the crossing, at the same time obscuring from vision any train moving on the track next to the station. It was a deathtrap set for any person who might wish to pass from north to south over a crossing which was the principal one used in traveling from the residence to the business portion of the town, as well as for persons traveling between Del Rio and a number of other towns. After dividing the freight train so as to remove any obstruction to people desiring to pass over the tracks, and leaving the cars where they would hide from view trains on the other track, a rapidly moving train was negligently propelled across the street without any warning or signal being given of its approach. Appellee was caught in the trap, and his buggy destroyed, and his person injured so as to make him a cripple for life. Although this was a crossing constantly in use by the citizens of Del Rio and numerous trains were passing over the tracks at all hours of the day and night, no watchman was kept at the crossing to warn persons desiring to cross the tracks of the approach of cars. The evidence makes out a clear case of negligence upon the part of appellant.

Appellee testified that he listened for any noise or signal of any kind, and, although he could not see the lower track on account of the cars of the freight train, he thought there was no danger, because the crossing was open and people were approaching the track from the other side in a buggy. He passed between the cars in a walk, and the first that he knew of the approaching train it was upon him. The case was one for a jury, and the evidence justified the verdict that appellee was not guilty of contributory negligence. This disposes of the first, third, fourth, fifth, and sixth assignments of error.

The second assignment of error complains of the failure to give a special charge which is not copied in the assignment or statement. It is probable, however, that the charge is the same special one complained of in the first assignment, which was a peremptory instruction to return a verdict in favor of appellant. This, for the reasons hereinbefore given, was properly refused by the court.

[3] Special charge No. 3 was properly refused. It was directly upon the weight of the evidence and a flagrant invasion of the right of the jury to pass upon the facts in evidence. Whatever may be the rule in other states, it is not held in Texas that it is negligence as a matter of law for a person to attempt to cross a railway track at a street crossing, without stopping, looking, and listening. Such failure to stop, look, and listen is a circumstance to be considered by the jury in arriving at a conclusion as to whether the plaintiff has been guilty of contributory negligence. Railroad v. Neff, 87 Tex. 303, 28 S. W. 283; Railway v. Rogers,

91 Tex. 52, 40 S. W. 956; Railway v. Bush, 12 Tex. Civ. App. 291, 34 S. W. 133; Hammon v. Railway, 13 Tex. Civ. App. 633, 35 S. W. 872; Railway v. Tinon, 117 S. W. 936; Railway v. Harris, 22 Tex. Civ. App. 16, 53 S. W. 599.

[4] If appellant by its negligence placed appellee in a position of imminent danger where he had to act hastily, he cannot be held guilty of contributory negligence if he did not pursue the wisest course under the circumstances created by appellant. Railway v. Neff, herein cited; Railway v. Watkins, 88 Tex. 20, 29 S. W. 232.

The charge of the court presented the issue of contributory negligence clearly and fully to the jury. The law was applied to every phase of contributory negligence justified by the facts.

[5] The burden of showing that appellee was guilty of contributory negligence rested on appellant. Appellee was on a street crossing where he had the right to be, and where he had been induced to go by the train being divided so as to permit an entry upon the tracks. While in the street, without warning and in disregard of his rights, he was run down and injured. The suspicion of contributory negligence was not raised by the case made out by the evidence of appellee, and the burden of proving such negligence rested upon appellant. The evidence showed that appellee exercised the care for his safety that any ordinarily prudent man would use under like circumstances, and he met all demands of the law even if the burden rested on him of showing that he was not guilty of contributory negligence. The court devolved on appellee the burden of showing that he used "ordinary care and caution to ascertain whether any cars were approaching," and used "ordinary care and caution to avoid injury to himself," which was as onerous as the law and the facts permitted.

[6] We cannot sustain the tenth assignment, which enunciates the doctrine that the negligence of appellant, in not having a watchman at a crossing in a city, on a street constantly in use, is not negligence towards the inhabitants of the city, because they know of the continued negligence. Such continued negligence did not license appellant to run down any one endeavoring to cross the railway tracks. To uphold such a proposition would place it in the power of railway companies to escape the consequences of any kind of negligence simply by being negligent all the time. Negligence cannot be sanctified and transformed into a virtue by constant repetition, and will not, on that ground, be made a protection against punishment.

The eleventh assignment of error is hypercritical, and without merit.

[7] The jury have seen proper to credit the testimony of the physicians and other

witnesses offered by appellee, and their testimony is amply sufficient to show injuries which justify the amount of the verdict. Appellee testified that he was terribly hurt in the back, shoulders, legs, and head, and that he is a constant sufferer. He was earning at the time of the accident from $2,500 to 3,000 a year. His physician swore that he treated appellee, that he found bruises over his body, on the chest, right side, and back, extensive bruise over lower part of shoulder blade down over the ribs to the kidneys, a wound on the scalp that penetrated to the bone, and two ribs on the right side torn from the breastbone. He treated appellee for a month, that he had a temperature all the time up to and in excess of 100 degrees and suffered with a cough, that his condition was the same at time of trial, that he had repeated attacks of pleurisy with rise of temperature, that he had nervous spells, that the sciatic nerve was injured so as to produce numbness in one leg and pain below the hip. The doctor testified that it was his opinion that a fractured rib penetrated the pleura. Of course, the testimony of appellee's physician was not sustained by the physicians, who were employés of appellant, but the jury passed on the weight of the evidence. Appellee was, prior to his injuries, a healthy man, 55 years of age, earning the amount hereinbefore named, but is now an invalid without earning power and the latter condition is permanent.

The judgment is affirmed.