## BUTLER v. HERRING.
### No. 3515.

Court of Civil Appeals of Texas. Amarillo.

Dec. 10, 1930.

Rehearing Denied Jan. 14, 1931.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellant.

O. R. Tipps, of Silverton, for appellee.

HALL, C. J.

This action grows out of a collision of automobiles at a street crossing in the town of Quitaque.

Appellee Herring, the plaintiff below, alleges that the town of Quitaque is an incorporated town. That on the 28th day of November, 1929, while he was driving south upon and along Second street and approached the intersection of said street with Main street, which runs east and west, and while driving on the right-hand side, that defendant was also approaching the said intersection at a high rate of speed, and on the intersection drove his automobile into and upon the automobile of plaintiff. He alleges the damages to his automobile to be $630. The grounds of negligence upon which recovery is sought are: (1) Driving at an excessive rate of speed, alleged to be fifty or fifty-five miles per hour; (2) driving on the left-hand side of Main street; (3) failure to slow down or stop when he approached the intersection.

The defendant Butler answered by general demurrer, several special exceptions, general denial, and charged that plaintiff was guilty of contributory negligence which constituted the proximate cause of his injuries. He charges that the plaintiff Herring approached the crossing from the north at the rate of about thirty-five or forty miles an hour and drove upon the intersection at said illegal speed, and that defendant failed to see plaintiff's automobile in time to stop and avoid a collision. That plaintiff failed to slow down before reaching said intersection and was therefore guilty of negligence. That plaintiff saw defendant's automobile some distance east of the intersection, and, notwithstanding the fact that plaintiff had theretofore caused his automobile, driven by him, to slow down just prior to reaching the intersection, the said plaintiff, realizing the danger of the situation, voluntarily accelerated the speed of his car and attempted to and did drive upon the intersection in an effort to cross ahead of defendant's automobile. That plaintiff was negligent in accelerating his car at the crossing after having slowed down prior to reaching the crossing and leading defendant to believe that he would give defendant the right of way. Defendant was driving west.

The court submitted the case to the jury upon special issues, as follows:

(1) "Was the defendant J. Butler guilty of negligence in the operation of his automobile at the time of the collision with the plaintiff's automobile?" Answer: "Yes."

(2) "Was defendant's negligence, if any, the proximate cause of the collision?" Answer: "Yes."

"In connection with this issue No. 2, you are instructed that a proximate cause is a cause which in a natural and continuous sequence, unbroken by any new, independent cause, produces the event and without which the event would not have occurred."

In response to other issues the jury found that plaintiff Herring was not guilty of contributory negligence and that his automobile was damaged to the extent of $291.80. Judgment was entered in accordance with the verdict.

The first proposition is, in effect, that, plaintiff having alleged several grounds of negligence on the part of appellant as a basis for recovery, it was error for the court, in submitting the case to the jury on special issues, to submit the issue of negligence generally instead of submitting each of the three grounds of negligence separately, and in this connection appellee insists that the effect of the general issue submitted was to authorize the jury to find the defendant guilty of negligence on any theory which might occur to them. Citing City of Ft. Worth v. Ware (Tex. Civ. App.) 1 S.W.(2d) 464; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, and other authorities.

On the other hand, the appellee, by counter propositions, insists that the ultimate fact to be determined was that of defendant's negligence. That no specific grounds of negligence were alleged, but that the petition charges negligence generally and that whether driving at an excessive rate of speed and on the left-hand side of the street and a failure to slow down or stop were merely evidentiary matters, and cites in support of the contention Campbell v. Johnson (Tex. Com. App.) 290 S. W. 526, 527, where Judge Powell says that the issue of excessive speed in approach-

ing the place of collision was properly refused because it submitted merely evidentiary matters. The appellee also cites Texas City Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541, and McBurnett v. Smith (Tex. Civ. App.) 286 S. W. 599, in support of his contention.

The pleadings do not support the appellee's assertion that plaintiff did not allege specific acts of negligence. If there had been a general allegation of negligence as in the Campbell v. Johnson Case, supra, where the charge is, "in substance, that the collision occurred on account of the negligence of the wife of appellant," the issue of negligence might have been submitted generally and would have been sufficient, although a general allegation of negligence without setting out the specific acts does not preclude the trial court from submitting such specific acts of negligence as the evidence may disclose. Texas Traction Co. v. Hanson (Tex. Civ. App.) 143 S. W. 214, We do not construe the Campbell v. Johnson Case, supra, as holding that the submission of the issue of negligence or contributory negligence generally is not error where specific acts of negligence or contributory negligence have been charged in the pleadings. To so hold would be in direct conflict with Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Id. (Tex. Civ. App.) 196 S. W. 647. In negligence cases where railroad or interurban companies are made defendants, as well as in cases growing out of collisions between automobiles, where several acts of negligence or contributory negligence are charged and one of such grounds is excessive speed, illegal rate of speed, or dangerous rate of speed, the courts uniformly hold that such issue should be submitted to the jury, and whether the rate of speed as charged is negligence or whether the party charged with negligence was running its train, cars, or automobile as charged, was a question exclusively for the jury, and numerous cases have been reversed because the trial court failed or refused to submit the issue of speed to the jury. Woodward v. Murphy (Tex. Civ. App.) 29 S.W.(2d) 828; St. Louis, B. & M. Ry. Co. v. Tijerina (Tex. Civ. App.) 18 S.W.(2d) 727; Louisiana Ry. & Nav. Co. v. Loudermilk (Tex. Civ. App.) 12 S.W.(2d) 824; Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Tyrrell Hardware Co. v. Orgeron (Tex. Civ. App.) 289 S. W. 1040; St. Louis, S. F. & T. Ry. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808; Rosenthal D. G. Co. v. Hillebrandt (Tex. Civ. App.) 280 S. W. 882; Smith v. G.-H. Elec. R. Co. (Tex. Com. App.) 277 S. W. 103; Id. (Tex. Civ. App.) 265 S. W. 267; St. Louis, B. & M. Ry. Co. v. Price (Tex. Com. App.) 269 S. W. 422; Id. (Tex. Civ. App.) 244 S. W. 642; Munger Automobile Co.

v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304; Wichita Falls, etc., Ry. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570; Texas & P. Ry. Co. v. Miles (Tex. Civ. App.) 192 S. W. 1138; Texas & N. O. Ry. Co. v. Cunningham (Tex. Civ. App.) 168 S. W. 428; G., H. & S. A. Ry. Co. v. Murray (Tex. Civ. App.) 99 S. W. 144; G., H. & S. A. Ry. Co. v. Harris, 22 Tex. Civ. App. 16, 53 S. W. 599; I. & G. N. Ry. Co. v. Sterling, 16 Tex. Civ. App. 365, 41 S. W. 181; I. & G. N. Ry. Co. v. Graves, 59 Tex. 330.

By the second proposition the appellant insists that the court erred in refusing to define the term "new, independent cause" used in the court's definition of proximate cause.

■ The failure of the charge to define "new, independent cause" was brought to the attention of the court by a timely and specific objection. The appellee insists that an objection is not sufficient to require consideration of the error by this court. That in order to properly present the error here, the appellant was required to submit a charge giving a proper definition of "new, independent cause." We think the objection was sufficient. Gulf, C. & S. F. Ry. Co. v. Conley et ux., 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183. It is held in Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, 571, that when requested the court should give a definition of "new independent cause." The failure to do so in this case is harmless, because there is no evidence which tends to show the circumstances of a new and independent cause. If the act of the plaintiff in slowing down just before reaching the intersection led the defendant as alleged to believe that he would give the latter the right of way, and, after so misleading defendant, the act of plaintiff in immediately accelerating his automobile, thus causing the collision, is a fact, it would not be a new independent cause, but relates only to the issue of contributory negligence.

Under P. C. art. 801 (E), plaintiff had the right of way at the intersection.

■ The appellant further insists that the court erred in defining proximate cause in omitting therefrom the element of foreseeableness. This contention is sustained. Foreseeableness is a necessary element of proximate cause in negligence cases whether the defendant is charged with negligence per se or under the common law. Proper objection was urged to the definition because of this omission, and the refusal of the court to correct the definition is reversible error. S. A. & A. P. Ry. Co. v. Behne (Tex. Com. App.) 231 S. W. 354.

For the errors pointed out, the judgment is reversed, and the cause remanded.