THE GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. W. H. GODAIR.

No. 484.

1. **Damages in Shipment of Cattle — Market Value.** — The general rule, that the measure of damages for injury occasioned in the shipment of cattle is the difference between their market value on arrival at their destination, and what would have been such market value there but for the injury, is not applicable where the cattle are not destined for market, and are not sold on arrival at their destination, but are kept by the owner until they recover from the injury.

2. **Same — Measure of Damages Stated.** — In such case the correct measure of damages is the actual damage caused by the improper treatment, and any extra expense which the owner may have incurred by reason thereof in attending to the cattle.

3. **Same — Special Pleading by Defendant not Requisite.** — The general denial by the defendant requires the court to give in charge the correct measure for the damages sustained, according to the facts as developed on the trial, and special pleadings alleging plaintiff's damage not to be so great as it at first appeared are not necessary.

4. **Same — Liability of Joint Wrongdoers.** — It was the duty of the defendant railway company to receive the cattle tendered it for shipment by a connecting line, unless it had a legal excuse for not so doing; and if it wrongfully refused so to do, and this wrongful act on its part contributed in causing the injury, it will be liable to the owner for the entire damages, even though such connecting line may also have been guilty of negligence which aided in increasing the damages.

APPEAL from Tarrant.   Tried below before Hon. N. A. STEDMAN.

*Alexander & Clark* and *J. W. Terry*, for appellant.—1. Where stock are injured that are not destined for market, and afterwards recover from such injuries while still the property of the owner, the proper measure of recovery for such injury is the extra expense incurred in restoring said stock to their original condition.   Railway v. Cocke, 64 Texas, 153; 2 Sedg. on Meas. of Dam., 315, note a; 1 Suth. on Dam., 148, 152; Field's Law of Dam., 21.

2. In an action for damages, it is the duty of the trial judge to give the jury a correct rule for ascertainment of the amount of damages.   If this is not done, and it appears from the record that a complaining party requested a charge proper under the pleadings and evidence, which was refused, such error of the trial court is cause for reversal.   Hudson v. Morriss, 55 Texas, 595; Railway v. Nixon, 52 Texas, 19; Cotton Press Co. v. Bradley, 52 Texas, 587; 3 Suth. on Dam., 365.

*F. W. Ball* and *Wynne & McCart*, for appellee.—1. The charge of the court below as to the measure of damages was correct, and the refusal of

the requested special charge was not error, as none of the matters referred to therein were pleaded as matters of defense.    Railway v. Holliday, 65 Texas, 517; Railway v. Fagan, 72 Texas, 133; Railway v. Hogsett, 67 Texas, 687; Railway v. Knapp, 51 Texas, 592; 3 Suth. on Dam., 237.

2. Market value at the place of final destination affords the correct measure of damages in cases of this character.    Railway v. Fagan, 72 Texas, 133; Railway v. Hogsett, 67 Texas, 687; Railway v. Knapp, 51 Texas, 592; 3 Suth. on Dam., 237.

HEAD, Associate Justice.—Appellee instituted this suit to recover of appellant damage alleged to have been sustained to 1275 head of cattle, shipped from Colorado City to Fort Worth over the Texas & Pacific Railway, thence over appellant's line to Purcell, in the Indian Territory, thence to Willow Springs, their point of destination, over a connecting line.    The cattle arrived at Fort Worth on time, without injury, and were placed in the pens of the Texas & Pacific Company, where they were fed and watered, and at once tendered to appellant in the usual way of transacting such business between these companies, but the evidence is not clear whether appellant accepted the cattle or not.    At any rate, they were permitted to remain badly crowded for about three days in the Texas & Pacific pens, where it was impossible to give them proper attention, before they were actually loaded in appellant's cars, by reason of which they were damaged to a large amount.    It is also claimed that the cattle were not carefully handled between Fort Worth and Purcell by appellant's servants, by reason of which a number were killed and a number of others injured.    It was claimed by plaintiff, that on account of the treatment the cattle received at Fort Worth and on the journey after they left there, their market value was much less when they arrived at their destination than it would have been had they been properly handled; and the court below applied this as the measure of plaintiff's damage to those injured but not entirely lost.    That this is the general rule for measuring the damage in such cases is not questioned; but in this case there was evidence tending to show that the cattle upon their arrival at Willow Springs appeared to have sustained much greater injury than subsequently proved to have been the case; and as appellee retained them until the real damage was ascertained, appellant contends that he should have been restricted to the actual loss he had sustained, and not allowed to recover the amount that erroneously appeared to have been received when the cattle first arrived, and we are of opinion that this is correct.

We believe it has never been contended that a plaintiff can be restricted in the amount of his recovery to less than the real injury to his animal, because the apparent injury did not seem to be so serious when first inflicted; nor can it be successfully maintained that a defendant should be required to pay more than the real damage, because the injury to the ani-

mal appears to be more serious at first than it subsequently proves to be. This, of course, does not apply to stock intended for market and sold by the owner before the actual loss is ascertained. In such case the owner only receives the value of his animal while still in its damaged condition, and the difference between this and what it would have been worth is the actual loss to him, and represents the damage he has in fact sustained. Compensation for the actual loss is the great desideratum in applying the measure of damage in each case to the particular facts therein developed, and no hidebound or technical rules should be allowed to thwart or obscure this purpose when it can be avoided. This view of the law is strongly presented in the able opinion of Stayton, Justice, in Jones v. George, 61 Texas, 354, and in the numerous authorities therein referred to, and is nothing more than a repetition of the rule long ago established in the noted English case of Hadley v. Baxendale, 9 Exch., 341. Also, for authorities more direct in their application of this rule to the facts of this particular case, see 2 Sedg. on Dam., 435; 1 Suth. on Dam., 2 ed., 184, sec. 88.

Appellee contends, that this case should not be reversed, even if this view of the law be correct, because appellant filed no special pleading alleging that appellee's damage was really not as great as it at first appeared to be, and we have hesitated long before overruling this contention. We believe, however, the better reason is with the holding, that the general denial filed by appellant requires the court to give in charge the correct measure for the damage sustained, according to the facts as developed upon the trial, and that special pleading was not required. McGehee v. Shafer, 9 Texas, 20. But, as throwing doubt upon the correctness of this conclusion, see Railway v. Edwards, 75 Texas, 334; Railway v. Harn, 44 Texas, 628; Glasscock v. Shell, 57 Texas, 215.

Appellee also contends, that the special charge upon this branch of the case requested by appellant was correctly refused, and it therefore has no just cause of complaint, because this charge only had application to the cattle injured between Fort Worth and Purcell, and there is no evidence in the record that any of these afterwards recovered. It is true the record does not disclose where the temporary injuries were inflicted upon the cattle that subsequently recovered therefrom; but the vice in the action of the court below was not alone in refusing the special charge requested by appellant, but extended also to the main charge given the jury, and this is also assigned as error. The charge of the court upon the measure of damage was as follows:

"You are further instructed, that if you find for plaintiff under the foregoing instructions, you will assess his damages at such an amount as will reasonably compensate him: first, for the loss at the market value at Willow Springs of the cattle, if any, that were killed or died in transit by reason of the causes above submitted to you; secondly, for the differ-

ence, if any, resulting from said causes between the market value at Willow Springs of such cattle as were not killed or did not die en route, in the condition in which they were when delivered there, and what would have been their market value at that place if they had not been damaged during the course of transportation."

We think it clear that the court intended the jury to understand from this charge, that appellee was entitled to the same measure of damage as if he had actually sold the cattle in their emaciated condition immediately upon their arrival at Willow Springs, and we think it equally clear from the amount of the verdict that the jury did not misunderstand the meaning of the court. As above indicated, we believe this rule, when applied to the facts of this case, will result in giving appellee compensation for a greater loss than he sustained, and in making appellant pay for greater damage than it in fact caused, and should not have been given in the charge. The correct measure (appellee having kept the cattle until their recovery) was the actual damage caused by the improper treatment, and any extra expense that may have been incurred in attending to them, and future results should have been looked to in determining this.

Appellant also contends, that it was not liable for any of the damage caused to the cattle while they were in the pens at Fort Worth, and before they were loaded on its cars, upon the theory that it had not received them until then. The evidence was conflicting as to whether or not the cattle were received by appellant at the time they were first tendered to it by the Texas & Pacific. If they were so received, there can be no question as to its liability. But even if they were not accepted by appellant, it is not clear it would not be liable. It was certainly its duty to receive them when so tendered, unless it had a legal excuse for not so doing; and if it wrongfully refused, and this wrongful act on its part contributed in causing the injury, we think it would be liable to appellee for the whole damage, even though the Texas & Pacific may also have been guilty of negligence which aided in enhancing the damage. Where two wrongdoers contribute in causing an injury such as this, they are both liable for the whole damage, even though they may have acted separately. Markham v. Navigation Co., 73 Texas, 247; Railway v. McWhirter, 77 Texas, 356. The question as to whether or not appellant had the right to refuse to receive the cattle, is so greatly dependent upon the evidence that may be introduced upon the trial, that we deem it best not to enter upon its discussion. It may not be the same at the next trial as disclosed by this record. The other assignments need not be considered.

For the error above indicated, we think the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 14, 1893.