MISSOURI, KANSAS & TEXAS RAILWAY CO. OF TEXAS v. C. B. KIRKLAND.

No. 1332.

**1. Pleading—Negligence.**

In an action against a railway company by a brakeman for injuries received in coupling cars, it is not improper for the petition to state the facts and the surroundings of the accident fully, and to allege facts and defects not in themselves actionable as the proximate cause of the injury, where this is necessary to show that the injury was the result of defendant's negligence.

**2. Charge of Court—Omission—Requesting Instruction.**

Where the charge of court covered every material issue, a failure in the preliminary part to fully state the issues is not reversible error, if no instruction was requested for the correction of such omission.

**3. Same—Negligence—Approved Charge.**

For an approved charge of court (given in full) in an action against a railway company by a brakeman for injuries received in coupling cars by reason of a defect in the roadbed, and involving the rules of law as to negligence and contributory negligence, see the opinion.

**4. Same—Ordinary Care—Safe Approaches.**

A charge that the defendant company would be liable for negligence if it "failed to use ordinary and reasonable care and diligence in providing a safe approach to the cars where the accident is alleged to have happened, and the injury complained of was the direct and proximate co-operating result of such want of care," held, to be correct.

**5. Verdict Not Excessive.**

A verdict in favor of a railroad brakeman for $9119 for loss of an arm in coupling cars, he being 35 years old, and earning $55 a month, held not excessive.

**6. Verdict—Specifications—Uncertainty.**

A verdict in favor of plaintiff, assessing his damages at $9119, "including medical attention and other incidental expenses incurred by him since the date of the injury," is not subject to the objection that it is indefinite and uncertain as not showing what is meant by "other incidental expenses," where the petition, the charge of court and the evidence authorized a finding for expenses for medicines as well as for medical attention, since it will not be presumed that the jury went outside of the evidence for items of damage.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

*Fisher & Townes,* for appellant.

*George W. Tyler,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Suit by the appellee, C. B. Kirkland, against the Missouri, Kansas & Texas Railway Company, the appellant, for damages for personal injuries sustained by plaintiff while in the service of the defendant as a brakeman, in attempting to couple in the defendant's yard at Belton, two oil tank cars. Verdict and judgment for plaintiff for $9119, from which defendant has appealed.

*Opinion.*—Defendant demurred to the petition generally and specially upon the ground that it stated no cause of action, and especially that the allegations in the petition as to the peculiar construction of the cars between which plaintiff's arm was caught and mashed should be stricken out, because such construction was not the proximate cause of the injury, and because the unusual difficulties and extraordinary hazard were obvious and known to plaintiff and that he assumed the danger incident thereto. The gist of the action as shown by the petition was the negligence of defendant in leaving an excavation, or hole, on the outside of the rail over which he had to pass in making the coupling, immediately adjacent to the rail, about two or three feet long, about 8 or 10 inches wide, and extending in depth to the bottom of the plate on the rail and to the top of the cross-tie. There was no ballasting between the rails, and the soil was thrown up along the outside of the rail about to the top of it, some three or four feet in width, and for a distance of one or two car lengths. It is alleged that defendant was guilty of negligence in permitting the hole to be in its side track, and in failing to repair the same; that defendant knew of the existence of the hole, or could have known of it by the use of ordinary care; that plaintiff did not know of the hole until after the injury; that he used the utmost care in attempting to make the coupling in the ordinary and customary method practiced by defendant's brakemen, and that in making the coupling his attention was necessarily and entirely engrossed in watching the drawhead and link of the moving car, and in watching the moving car; and the act of coupling the cars had to be done so quick that no time nor opportunity was given him to look to the ground to see where his foot was being placed, thinking the ground was even, or reasonably so, and in attempting to make the coupling he used all the care, prudence, and precaution possible in performing the duty; that in attempting to couple the cars his foot went into the hole, he lost his balance, and was about to be thrown between the cars where he would have been killed or badly maimed for life, and in attempting to recover his balance and in extricating himself from said serious and threatened imminent danger his right arm was caught between the bumpers of the oil tank cars as they came together, and his right arm was then and there mashed to a pulp, and had to be then immediately amputated. The construction of the cars, the bumpers and other particulars, was described.

This description was necessary to show how he was hurt, to put the court in possession of the facts and surroundings as the inevitable result

cf his falling over the hole left in the way by the negligence of the defendant, whose duty it was, as alleged, to keep the approaches to the track in reasonably safe condition for the use of its employes in the discharge of the duties then imposed upon plaintiff. The actionable part of the case was the failure to exercise ordinary care to make the approaches safe, or reasonably so, and negligently leaving the hole in a place where plaintiff, using all necessary care in the discharge of his duty, was injured without fault on his part. It was not improper to allege other facts not in themselves actionable to show the injury as the result of the negligent omission made the basis of this suit. If in doing this other negligence on the part of defendant was shown, the averments would not be obnoxious to the rule that negligence not relied on as the proximate cause of the injury should not be considered.

Appellant complains of that part of the court's charge which attempts to state the issues, the defenses set up by defendant. If the court failed in the preliminary part of the charge in fully stating the issues, it was the duty of defendant to ask a charge correcting the omission. This was not done, and it cannot complain. Besides, in charging the law as applicable to the facts, the court's charge covered every material issue.

Many objections are made to the court's charge and to the court's refusing to give charges requested by defendant, and it becomes necessary to have the whole of the charge given by the court before us. It is as follows: "C. B. Kirkland has brought this suit against the defendant, the Missouri, Kansas & Texas Ry. Co. of Texas, to recover damages for injuries he, plaintiff, alleges he sustained on the 18th day of May, 1893. He says that on said day, and prior thereto, he was employed as a brakeman of defendant's railway, and that on said date while attempting to couple defendant's cars he received the injuries of which he complains. He alleges that the injuries resulted from the defective condition of the approaches to defendant's railroad in the town of Belton, on what is called a switch, or side track, at or near the oil mill.

"The plaintiff alleges that the defect from which his injuries resulted was a hole or excavation near the south and outside of the south rail of said switch or side track, and that in attempting to couple defendant's cars he stepped into said hole or excavation and fell, and in his endeavor to rescue himself from the danger caused by stepping in said hole or excavation, he was injured by the "bumpers" on said cars, as alleged in his petition.

"Plaintiff alleges that it was negligence on the part of defendant company to allow said hole or excavation to be where he alleges it was, and says that its servants knew, or by the use of ordinary care would have known, of such alleged defect.

"Defendant denies that its agents or employes were guilty of negligence as charged in plaintiff's petition, denies that there was such hole or excavation as alleged, or that it was such as to make it dangerous for its employes to couple its cars at that place, and further says that if

there was such a dangerous hole or excavation as he alleges it was, that the same was so open and plain that the plaintiff could have seen it if he had exercised due care in looking at it before stepping into it, and by his failure to look and see the hole or excavation, if there was one there, that he was guilty of contributory negligence.

"You, the jury, are the exclusive judges of what facts have been proved in this case, and the credibility of the witnesses and what weight is to be given their testimony.

"It was the duty of the defendant company to have used ordinary and reasonable care in furnishing reasonably safe approaches to its cars at such places as its employes in the discharge of their duties are required to approach trains and couple its cars, and to reasonably provide against such dangers as may be reasonably foreseen by its servants whose duty it is to keep the approaches to the road in proper condition for making such coupling as is alleged to have been attempted in this case. And if the defendant company did use such care in its approach to the railway at the place where the injury is alleged to have been inflicted, as a man of ordinary care would have used under similar circumstances, then the defendant would not be guilty of such negligence as to entitle the plaintiff to recover in this case. On the other hand, it was the duty of plaintiff as a brakeman in the service of the defendant company to have acquainted himself with the general duties of the position, and he assumed at his peril all the risks and dangers naturally and usually incident to his employment as such brakeman, including the risks and dangers of such defect (if any) of the approaches to the road for coupling purposes as were reasonably open to his ordinary inspection and view under the circumstances, and if the testimony shows that there was a hole or excavation as alleged, and the plaintiff either knew of it, or by the use of ordinary care and precaution could have known it and failed to do so, then the law presumes that he assumed the risk incident to the same, and under such circumstances he could not, and is not entitled to recover damages for injuries received or sustained in making or attempting to couple defendant's cars. .

"If the proof does not show that defendant company was guilty of negligence in regard to the alleged existence of said hole or excavation, then under the issues in this case the alleged injuries to plaintiff would have been occasioned by one of those accidents incident to all human works, which would not render the defendant company liable for damages. If, from the testimony, you believe the defendant failed to use ordinary and reasonable care and diligence in providing a safe approach to the cars at the place where the accident is alleged to have happened, and that the injury complained of was the direct or proximate co-operating result of such want of care, and that the accident happened without the fault or contributory negligence of the plaintiff, as the same is and will be explained to you in this charge, this in law would be such negligence on the part of defendant as would render it liable.

"Whether or not there was a hole or excavation on defendant's side

track as charged, and, if there was one, whether or not, under all the facts and circumstances in evidence, such a hole—if any—was there at the time of the alleged accident or injury on account of the negligence of defendant in failing to keep its roadbed and approaches thereto in proper repair—these are questions of fact which you must determine from all the evidence before you and the law as given you in this charge.

"And if you should find that the defendant was guilty of negligence as charged, then you must also determine, from the law given you in this charge and the evidence before you, whether or not the plaintiff was guilty of contributory negligence.

"Negligence, in a general sense, is every omission to perform a duty imposed by law for the protection of one's own person or property, or that of another. Negligence, to some extent, should be measured by the character, risk and exposure of the business under consideration; and the degree of care of all parties is higher when lives and limbs of themselves or others are endangered than in ordinary cases.

"Ordinary negligence is the want of such care and diligence as reasonably prudent men in regard to the subject matter of inquiry, under such circumstances as those under consideration, would use to endeavor to prevent the injury of which complaint is made.

"Contributory negligence is negligence, not only upon the part of the one committing the injury, but also upon the part of him upon whom the injury is committed, and by which they both contributed thereto.

"One who is injured by the ordinary negligence of another cannot recover damages therefor if the injured party, by his own ordinary negligence of willful wrong, proximately contributed to the injury, so that it would not have happened but for his own fault. If the party injured by his own carelessness substantially contributed to the injury, or might by the exercise of ordinary care, such as prudent men would have used under similar circumstances, have avoided the injury, he cannot recover damages.

"The law required of the plaintiff, as a brakeman, for his own self-protection, the use of such ordinary care in the performance of the duties of his position as prudent men under similar circumstances would employ; and if the testimony shows that the defendant in the first instance was guilty of negligence in the want of the use of due and reasonable diligence as before stated, in leaving said hole or excavation (if you believe there was such a hole), by means of which the plaintiff was thrown in such a position in his attempt to couple the cars of the defendant, as to have had his arm injured, and if the testimony further shows that the plaintiff by his own ordinary negligence, in not using such means and precautions as were proper and usual with prudent brakemen generally under similar circumstances, contributed to his own injury, so that the same would not have happened but for the mutual contributory or co-operative negligence of both, then the plaintiff would not be entitled to recover. If under the law given in this charge, and

the evidence submitted to you, you find in favor of plaintiff, you will say so by your verdict, and further say by your verdict at what you assess the damages—if you find any—and in estimating such damages you are confined entirely to the testimony in the case, under the rules of law given you in this charge. You are authorized to take into consideration, in estimating such damages, if any you find, any medical bill you may believe the plaintiff incurred on account of said alleged injuries, the value of the time lost by the plaintiff during the period necessary for his cure, and while disabled from his injuries to work and labor, taking into consideration the nature of his business and the value of the services in conducting the same and fair compensation for the mental and physical sufferings caused by the injury, as well as the probable effect of the injury in future upon his health and use of his limbs and his ability to labor and attend to his affairs and generally any reduction of his power and capacity to earn money and pursue the course of life which he might otherwise have done.

"If, from the evidence, or want of evidence, you do not believe the defendant was guilty of negligence, or if the proof does not show that the plaintiff used the care and precaution required of a brakeman as explained to you in other portions of this charge, or if you believe that both plaintiff and defendant were guilty of negligence, that is to say in other words, if the proof shows that defendant was guilty of negligence and that plaintiff was also guilty of contributory negligence, then you must find for defendant and say so by your verdict, for before the plaintiff is entitled to recover under the issues in this case, the burden is on him to prove that he was injured substantially as alleged, without any negligence or carelessness on his part, and then prove that his injuries were caused by the negligence of the defendant, such negligence as is substantially charged in the petition and defined in other portions of this charge."

The court, at the instance of defendant, further charged, as follows:

"The jury are instructed that, in this case, it is entirely immaterial whether the defendant's oil mill track, in its yard at Belton, the place where it is alleged plaintiff sustained the injuries complained of, was ballasted or surfaced up between the rails, as the evidence, without conflict, shows; that the injuries of which the plaintiff complains were not caused or produced by reason of any defect, or want of proper condition, in the said track. The jury are also instructed that, in determining plaintiff's right to recover herein, they are not to take into consideration any alleged facts or peculiarity about the oil tank cars which the plaintiff was attempting to couple at the time he received his injury. The law is that that negligence only is actionable which produces or contributes to producing the injury complained of, and any other negligence cannot be considered."

Appellant complains of that part of the charge given which directs that, "if from the evidence you believe that the defendant failed to use

ordinary and reasonable care and diligence in providing a safe approach to the cars where the accident is alleged to have happened, and that the injury complained of was the direct or proximate co-operating result of such want of care," etc.

The rule stated in this extract of the charge is correct. It does not tell the jury that defendant was required to provide safe approaches to the cars, but that if it failed to use ordinary and reasonable care in providing a safe approach, etc., such want of care would be negligence. The charge did not require of defendant anything more than ordinary care—ordinary care to the end that the approach should be safe. Taking the whole charge together, it cannot be inferred that the court intended the jury to understand that defendant was bound to have safe approaches to the cars for the use of its employes in the performance of their duties. Railway v. Lyde, 57 Texas, 509; Railway v. Oram, 49 Texas, 341; Railway v. Huffman, 83 Texas, 289, 290. The court's charge as given on this subject in the clause extracted and objected to, was the law, and it needed no explanation or emendation as was proposed by the fourth instruction required by defendant.

Without further considering in detail and separately other objections to the court's charge referred to in appellant's assignments of error, it will suffice to say that the charge given by the court, with requested charge also given, was an admirable and full presentation of the law of the case, and all the issues of the case. It was clear and comprehensive and could not have misled the jury. All defenses relied on and shown by the facts were presented, and a correct rule stated as applicable thereto. There was no error in the charge of which defendant could justly complain, nor was there error in refusing requested charges, as insisted in appellant's brief. It was not the duty of the court, having once charged the law applicable to an issue, to repeat it upon request of appellant in language different from that used by the court, but expressing the same principle. Some of the requested charges asked were correct, but, the court having in the general charge correctly stated the law, it was not error to refuse charges on the same questions. The testimony adduced on the trial supports the verdict of the jury on every issue: that plaintiff was a brakeman for defendant on the yard in Belton, and was in the discharge of his duty when hurt; that the hole or excavation was at the place alleged, was negligently left there by defendant's employes; that it was dangerous to an employe in the performance of the duty plaintiff was engaged in, and required to perform at the time he was hurt; that defendant's servants whose duty it was to repair the track and approaches thereto ought to have known of the hole and its dangerous character; that plaintiff was not charged with the duty of repairing and leveling up the approaches to the track, did not know, and by the use of such care as was imposed upon him could not have known of the existence of the hole; that in attempting to make the couplings alleged he stepped into the hole which threw him off his balance, and in trying to recover his balance and keep from falling in

between the cars, his arm was caught as alleged and mashed off so as to require immediate amputation; that he was exercising due care all the while in attempting to make the coupling, such as a brakeman or car coupler of ordinary prudence or caution would have used under similar circumstances, and that his hurt was not caused by any failure to use such care on his part, and that the injury was not the result of his contributory negligence. The injury received was serious and permanent—the loss of his forearm just below the elbow. It caused him great physical pain and mental anguish, and, at the time of the trial, was still giving him physical pain and trouble. He was 35 years old when hurt; was receiving $55 per month for service with defendant as a brakeman; had several years' experience as a brakeman; had no other occupation and was disabled from prosecuting it by the injuries received. We cannot say the verdict was excessive. The defect in the approach to the track complained of was open to view, and he could have seen it if he had been looking for it at the time of the injury, but his attention was engaged, as it should have been, looking at the car moving towards the still car to which it had to be coupled, to know the position of the link and coupling pin so as to make the coupling successfully and with safety to himself; and he did not look to the ground where the hole could have been seen by him if he had looked. His duty on the occasion was that of a coupler, and he also at the time had temporary charge of the switching of the cars, as director. He had directed the coupling of the other oil tank cars, signaled the engineer to back up the train on the oil mill side track to allow him to make the coupling in question—he was engaged in this, as before stated, when he made the step from the outside of the rail towards the coupling apparatus, stepping in the hole which caused him to lose his balance, and in trying to recover he was hurt as alleged. There is testimony to support the verdict on these points, and that the injury was not the result of contributory negligence.

We do not think we should reverse the judgment because the verdict is excessive. It is for a gross sum of $9119, and in these words: "We, the jury, find for plaintiff and assess his damages at $9119, including medical attention and other incidental expenses incurred by him since date of the injury." Appellant contends by assignment of error that this verdict is vague, indefinite and uncertain, because, as stated in a proposition under the assignment, the expression "including medical attention and other incidental expenses incurred by him since the date of the injury" leaves in doubt and indeterminable what is meant by "other incidental expenses," and how much is awarded for such expenses.

Plaintiff claimed in his petition, in addition to loss of his arm, pain and suffering, loss of capacity to earn a living, loss of time, etc., $280 for medicines and for services of physicians and nurses, as actual damages. The court's charge authorized the jury to estimate as damages besides other matters, "any medical bill you may believe the plaintiff incurred on account of his injuries." The proof showed that plaintiff

incurred liability for medical attention $177.50 to Dr. Ghent, of which the defendant paid to Ghent $77, to Dr. Hudson $25, to Dr. Allen $5, Foris $5, and for medicines to Herron $6, to Ruley $3.

Thus we see the petition, the charge of the court and the testimony authorize expenses for medicines besides the expense for medical attention, and this would answer the expression in the verdict "other incidental expenses." The testimony without objection laid a predicate for "other incidental expenses" and it would not be presumed that the jury went out of the evidence for items of damage. But the objection to the verdict is that it is uncertain, indefinite, etc., and that it cannot be known what was meant by the expression "other incidental expenses." Looking to the testimony and the court's charge, we think the verdict is sufficiently definite. It was not necessary to itemize the elements of damage and amounts found in the verdict. It does not appear that the jury went outside of the case in estimating damages.

In conclusion, we must say that there was no error, as assigned by appellant, in the rulings of the court, or its charges; that we should not declare the verdict excessive, or not sustained by the testimony, or that it was fatally defective for uncertainty.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered November 6, 1895.

Writ of error refused.