JEROME B. COCHRAN ET AL. V. FREDERICK MOERER.

Decided February 27, 1903.

**Adverse Possession—Inclosure by Stream—Charge Without Evidence.**

Where in trespass to try title the defendant pleaded limitation and adverse possession by inclosure, and the court charged that if the land was inclosed by fences on three sides, and that a bayou on the fourth side was a stream of such nature and depth as to constitute a barrier, there was such an inclosure as would satisfy the statute, such charge was reversible error in the absence of any evidence as to the nature and size of the stream.

Appeal from the District Court of Harris. Tried below before Hon. William H. Wilson.

*G. W. Thorp,* for appellants.

*W. P. & A. R. Hamblen,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought in the form of an action of trespass to try title to recover 43.7 acres of land, a part of the western half of the Luke Moore league, situated in Harris County, Texas.

The plaintiffs, Jerome B. Cochran and W. J. Settegast, Jr., claimed that the land in controversy was situated on lot 8 of the subdivision of said western half of the league, and therefore belonged to them. Defendant Moerer claimed the land to be situated on lot 13 of said subdivision, and that it belonged to him. Upon this issue the case is one of boundary, and the evidence is conflicting.

We shall not notice the assignments of error addressed to this issue, as the judgment must be reversed upon another ground. For a like reason it is unnecessary to set out the facts in this connection. The defendant also defended under the ten years statute of limitation. The trial court submitted to the jury both this and the issue of boundary, and there was a general verdict and judgment for defendant.

The land in controversy was situated on Bray's Bayou, and that stream constituted its southern boundary. On the question of limitation the evidence was conflicting as to whether the land had ever been actually inclosed for a time sufficient to sustain the ten years bar, and there was testimony tending to show that its southern boundary had never been fenced, the side fences extending only to that stream.

The court charged the jury, in effect, that if they believed from the evidence that the land was inclosed by fences on three sides, and that the bayou was a stream of such nature and depth as to constitute a barrier on the fourth side, such stream, with the fences, would constitute such an inclosure as would satisfy the statute, and if such an inclosure had been adversely maintained by defendant for ten years, to find for defendant on the issue of limitation.

Appellant complains of this charge on the ground that there was no evidence adduced as to the nature or character of the stream. We think

the assignment should be sustained. If the stream was of such a nature as to constitute a barrier, or answer the purposes of a fence, it would have served to complete the inclosure. But the burden was on defendant on the issue of limitation, and it devolved on him to disclose the size and nature of the stream. According to the record he failed to do this. No evidence was adduced upon the subject, and the court erred in submitting the issue. As the verdict is general, we are unable to say what effect the error had upon the verdict, and for this reason the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*