GUINN et al. v. PECOS & N. T. RY. CO. et al.†

(Court of Civil Appeals of Texas. Amarillo. Nov. 4, 1911. Rehearing Denied Dec. 15, 1911.) [1]

1. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS —MORE SPECIFIC INSTRUCTIONS.

Where a charge, in an action for damage to live stock, clearly defined the railroad company's duty as to handling and unloading cattle, the fact that it did not technically define negligence correctly was not affirmative error in the absence of a request by appellant for a more specific charge.

[Ed. Note.—For other, cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

2. NEGLIGENCE (§ 139*)—ACTION—INSTRUCTIONS.

An instruction that the expression "reasonable care and dispatch," as used in the instructions in a negligence action, meant such care and dispatch as a reasonably prudent and cautious man would use under like circumstances, was not objectionable on the ground that it did not state how cautious a prudent man should be.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 139.*]

3. APPEAL AND ERROR (§ 1066*)—REVIEW— HARMLESS ERROR—INSTRUCTIONS.

Any error, in an action against several railroad companies for injuries to stock, in using the word "defendant" in · the instructions instead of "defendants" was harmless, where the undisputed evidence showed that the only

damage occurred in the yards while in charge of a certain railroad company, and no negligence was charged against any other company.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1066.*]

4. CARRIERS (§ 230*)—LIVE STOCK—INJURIES —INSTRUCTIONS—NEGLIGENCE.

An instruction in an action for injuries to live stock en route that if defendant handled the cattle in a negligent and rough manner, and unreasonably delayed their unloading, and by such negligence, rough treatment, and delay the cattle were damaged, plaintiff should recover, was erroneous for charging several acts of negligence in the conjunctive.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 230.*]

5. TRIAL (§ 296*) — INSTRUCTIONS — CURING ERROR.

Error in an instruction, that if defendant railroad company handled plaintiff's cattle in a negligent and rough manner, and unreasonably delayed their unloading, and by reason of such negligence, rough treatment, and delay the cattle were damaged, plaintiff was entitled to recover, in charging the several acts of negligence in the conjunctive, was cured by the latter part of the charge, which predicated the whole paragraph thereof upon the preceding paragraph, in which the railroad company's duty in carrying and unloading cattle was clearly defined.

[Ed. Note.—For. other cases, see Trial, Dec. Dig. § 296.*]

6. APPEAL AND' ERROR (§ 1064*)—REVIEW— HARMLESS ERROR—INSTRUCTIONS.

The submission of several grounds of negligence or matters of defense in the conjunctive is not reversible error in the absence of a request to submit them disjunctively if the' jury is not misled thereby.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1064.*]

7. WORDS AND PHRASES—"VICE."

Webster defines "vice" as a defect, a fault, an imperfection.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 7313.]

8. CARRIERS (§ 230*)—LIVE STOCK—INSTRUCTIONS—DAMAGES.

An instruction in an action for injuries to live stock, that, though the cattle were damaged when unloaded, if any of them overcame the damage such fact might be considered in estimating the amount plaintiff was entitled to recover, did not conflict with the general charge that plaintiff's measure of damages was the difference in the market value of the cattle where they were unloaded in their injured condition, and their market · value had they been delivered there uninjured, and was proper.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 230.*]

Appeal from Deaf Smith County Court; W. H. Russell, Judge.

Action by George H. Guinn and others against the Pecos & Northern Texas Railway Company and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Barcus & North, for appellants. Madden, Trulove & Kimbrough and Carl Gilliland, for appellees.

HALL, J. This was a suit for damages to a shipment of 438 cattle from Pecos, Tex., to Hereford, Tex., alleging the loss of eight

---

[1] Filed in the Court of Civil Appeals at Ft. Worth Jan. 23, 1911, and transferred to this court July 1, 1911, by order of the Supreme Court.

head and damage to the remainder to the extent of $1 per head. Defendants answered specially that if any damage resulted to the cattle it was caused by their poor and weak condition and inherent vices. There was a verdict for the appellees.

[1] In their first assignment of error, appellants complain of the third paragraph of the court's charge. This paragraph ends with this clause: "Provided that such injuries and death was caused by negligence of the defendant railway company as hereinafter defined." The proposition and statement following the assignment failed to specify any error in the paragraph mentioned, but complained of the failure of the court to thereafter give a charge defining negligence. In the fourth paragraph the court endeavored to define negligence, and while it is not technically correct as a definition, it clearly and specifically set out the duty of the appellee railway company with reference to handling and unloading the cattle, and we find no affirmative error in it as given. It was the duty of appellants, if they desired a more specific charge on that issue, to request it in writing, and, having failed to do so, they cannot complain of the omission here. M., K. & T. Ry. Co. v. Kirkland, 11 Tex. Civ. App. 528, 32 S. W. 588; Patten-Worsham Drug Co. v. Drennen, 123 S. W. 705; I. & G. N. Ry. Co. v. Collins, 33 Tex. Civ. App. 58, 75 S. W. 814; Reichert v. I. & G. N. Ry. Co., 72 S. W. 1031; W. U. Tel. Co. v. James, 31 Tex. Civ. App. 503, 73 S. W. 79; G. H. & S. A. Ry. Co. v. Arispe, 81 Tex. 517, 17 S. W. 47.

[2] Appellants in their second assignment of error insist that the court erred in paragraph 4 of the charge in using this language: " 'Reasonable care and dispatch,' as used herein, means such care and dispatch as a reasonably cautious and prudent man would use under like circumstances," and submit that the terms, as used, mean nothing to the jury, and gave them no light on the question as to how cautious a prudent man should be. This question has been settled adversely to appellant by our Supreme Court in the case of McDonald v. I. & G. N. Ry. Co., 86 Tex. 1, 22 S. W. 939, 40 Am. St. Rep. 803, and also in the case of G. H. & S. A. Ry. Co. v. Serafina, 45 S. W. 614, and Ft. W. & D. C. Ry. Co. v. Partin, 33 Tex. Civ. App. 173, 76 S. W. 236.

[3] Under the third and eighth assignments, appellants object to the use of the word "defendant" instead of "defendants" in the charge, and complain of the use of the singular number, when the suit was against more than one defendant. Plaintiff, George H. Guinn, testified as follows: "We loaded the cattle at Pecos, Tex., and left there about 8 or 9 o'clock in the morning of May 14, 1910, and we had a fairly good run until we reached Hereford about 10:30 in the morning of May 15, 1910. When we reached Here-ford the stock were in good condition; one was down and the rest were all up." There is no testimony in the record anywhere of any damages other than that resulting to the cattle while in the yards of the railroad company at Hereford, and no charge of negligence is made in the evidence against any of the other defendants than the company which delivered the cattle at Hereford. In this state of the record, if the matter complained of was error, it is harmless, and the assignments are overruled. Cent. Tex. Ry. Co. v. Bush, 12 Tex. Civ. App. 291, 34 S. W. 133.

[4] Appellants further complain of the fifth paragraph of the court's general charge, in this: The court instructs the jury if they believe from the evidence that the defendant handled the cattle in a negligent and rough manner and unreasonably delayed the unloading of them at Hereford, and by reason of such negligence, rough treatment, and delay in unloading the cattle on the part of defendant, they were damaged, then plaintiff will be entitled to recover. The ground of complaint is that in charging the several acts of negligence in the conjunctive, the court placed too great a burden upon the plaintiff.

[5] When considered alone this charge is error, but we believe that the error is cured by the last part of this paragraph of the charge in predicating the whole paragraph upon paragraph 4, in which the duty of the railway company is clearly set out.

[6] Our Supreme Court, in Gulf, Colorado & Santa Fé Ry. Co. v. Hill, 95 Tex. 629, 69 S. W. 136, held that the submission of several matters of defense conjunctively was not reversible error in the absence of a request from the complaining party to submit them disjunctively, it not being made to appear that the jury was misled thereby. This rule has been followed in T. & P. Ry. Co. v. Brown, 78 Tex. 397, 14 S. W. 1034, Oar v. Davis, 135 S. W. 710, Berger v. Kirby, 135 S. W. 1122, and Citizens' Railway Co. v. Branham, 137 S. W. 403. What we have said in disposing of the foregoing assignment will also dispose of the fourth assignment of error. The reference to the degree of care and dispatch, set out in paragraph 4, corrects the error in the first part of this paragraph. No special instruction was requested by appellant on this point.

The fifth and sixth assignments will be overruled because defendants allege that the injuries resulted from the weak, poor, and impoverished condition and inherent vices of the cattle, and on account of the cattle being shipped in their then condition, and by reason of the failure of the plaintiff to properly care for them while awaiting shipment, while in transit, and after their arrival at Hereford. The main charge had not affirmatively presented these defenses.

[7] Webster defines "vice" as "a defect;

a fault; an imperfection." The testimony as to the condition of the cows was sufficient to warrant the court in giving the special charge complained of.

[8] Plaintiff Guinn testified as follows: "After we took the cows to the pasture they seemed to have gotten all right. No more died, and we still have most of them. They are now in good condition." Appellants complain of the action of the court in giving appellee's fifth special charge, wherein the jury were instructed that if they believed the cattle were damaged when unloaded at Hereford, and further believed that any of them overcame the damages, that such fact might be considered in estimating the damages which plaintiff was entitled to recover. The objection to this charge is that it conflicts with paragraph 3 of the general charge, to the effect that the measure of damage is the difference in the market value of the cattle at Hereford in their injured condition, if injured, and their market value had they been delivered at Hereford uninjured. The charge is not subject to the criticism, and was given upon the issue of the amount of damages per head to the cattle not killed in shipping. Plaintiff should not recover what appeared to be his damages when the cattle first reached their destination, if in truth and in fact it proved, after a time, not to be as great as was at first estimated. G., C. & S. F. Ry. Co. v. Godair, 3 Tex. Civ. App. 514, 22 S. W. 777.

Taking the general charge of the court, together with the special charges submitted to the jury, considered as a whole, we are of the opinion that the record contains no reversible error, and the judgment of the lower court is therefore affirmed.