FT. WORTH & D. C. RY. CO. et al. v. SHANK & DEAN. (No. 634.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1914.)

1. CARRIERS (§ 229*)—INJURY TO LIVE STOCK—DAMAGES—EVIDENCE.

In an action for damages for negligent delay and rough handling of a shipment of live stock, the jury, in estimating the damages, should consider the fact of their recovery from any injury after they were put upon a pasture.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. § 229.*]

2. CARRIERS (§ 228*)—INJURY TO LIVE STOCK—ADMISSION OF EVIDENCE—DAMAGES.

In an action for injuries to cattle shipped, where there was no evidence of the market value of the stock, either in its injured condition when delivered, or in the condition in which it should have arrived, evidence for plaintiff that the cattle were worth $5 less per head than they would have been had they been transported without negligence was inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

3. CARRIERS (§ 228*)—INJURY TO SHIPMENT OF LIVE STOCK—PLEADING.

In an action for damages to a shipment of cattle, where plaintiffs did not seek to recover special damages for the extra feed necessary to bring the cattle back to the condition in which they should have been delivered, evidence as to the value of such feed was inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

4. PARTNERSHIP (§ 219*) — ACTIONS — NEGLIGENCE OF CARRIERS—RECOVERY OF WHOLE DAMAGES FROM ONE DEFENDANT.

In an action against several carriers as partners for negligent delay and rough handling of a shipment of live stock, where the pleadings of defendants denying the charge were unverified, plaintiff had the right to recover the whole sum against either of the defendants.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. § 219.*]

Appeal from Clay County Court; W. T. Allen, Judge.

Action by Shank & Dean against the Ft. Worth & Denver City Railway Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Thompson & Barwise, of Ft. Worth, and Taylor & Humphrey, of Henrietta, for appellants. Wantland & Parrish, of Henrietta, for appellees.

HALL, J. Appellees instituted this suit against the appellants to recover damages for alleged negligent delay and rough handling of a shipment of one car of stock cattle from Winona to Dean, Tex. Upon a trial before a jury, plaintiffs recovered against the St. Louis & Southwestern Railway Company of Texas $20, against the Wichita Valley Railway Company $45, against the Ft. Worth & Denver City Railway Company $65, and against the Texas & Pacific Railway Company $280.

[1] Appellants first assign as error the action of the court in refusing to charge the jury in effect that after the cattle were put upon a pasture, if they recovered from any injury they might have received in the shipment, that then the jury should take the fact of such recovery into consideration in estimating the amount of damages, if any. The appellants were entitled to have this charge given to the jury, and the assignment is sustained. Ft. Worth & Rio Grande Railway Co. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; Guinn v. P. & N. T. Ry. Co., 142 S. W. 63.

[2] The court erred in admitting the testimony of the appellee Dean, while testifying in his own behalf, to the effect that the cattle were worth $5 less per head than they would have been worth had they been transported within the usual and ordinary time, and without rough handling. There was no evidence of the market value of the cattle, either in their injured condition when delivered, or in the condition in which they should have arrived if transported without negligence. As said by James, Chief Justice, in G., W. T. & P. Ry. v. Staton, 49 S. W. 277:

"Atkins testified that when the animals arrived at Teneha, their destination, they were damaged from $7 to $10 per head, and neither in this testimony nor elsewhere in the record is there any evidence as to their value. He explains the nature of the injuries they received; but it is clear that this would not furnish to the jury any means for estimating the damages in dollars and cents. Therefore the opinion of Atkins cannot be pronounced harmless. In fact, it was the only evidence furnishing any estimate of the damages, and without it the verdict would have been guesswork." C., R. I. & G. Ry. Co. v. Kapp, 117 S. W. 904; G., C. & S. F. Ry. Co. v. Hughes, 31 S. W. 411; St. L. & S. W. Ry. Co. v. Dean, 152 S. W. 527.

[3] The appellee Dean was permitted to testify that the cattle were damaged at least $5 per head, and that he arrived at this amount of damage because of the extra amount of feed that would be necessary to bring said cattle back to the condition in which they would have been had they arrived without the unusual delay and rough handling, and that he had fed said cattle at least $5 worth of feed more per head than would have been necessary had said cattle been transported in the usual and ordinary manner. Appellees insist that this testimony was admissible in rebuttal, because appellants had proven by this witness that the cattle within a reasonable time after their delivery had in a large measure recuperated and

recovered from the alleged injuries. This was proof of special damages, and was admissible only in the event appellees had by their pleadings sought to recover such damages.

[4] The fourth assignment of error insists that the recovery of $20 against the St. Louis & Southwestern Railway Company is contrary to the evidence, in that the testimony affirmatively showed that there was no delay or rough handling whatever on its line of railway. We agree with appellant that there is no basis in the evidence for such recovery; but suit was filed against all of defendants as partners, and the pleadings of defendant denying the allegation were not sworn to, and the assignment is without merit, since appellees had the right to recover the whole sum against either of the partners.

For the errors pointed out, the judgment is reversed, and the cause remanded.