**PANHANDLE & S. F. RY. CO. et al. v. VAUGHN. (No. 129–3018.)**

(Commission of Appeals of Texas, Section A. May 26, 1920.)

1. Trial &#9758;244(2)—Requested instruction authorizing consideration of possible recovery of cattle from effects of delay in feeding properly refused.

In an action for damages to a shipment of cattle caused by delay in feeding in transit, though defendant's evidence that the cattle were shipped for range feeding and that the cattle recovered their normal condition soon after being placed on the range was admissible on the issue of damages, it was not error for the court, after properly charging the measure of damages to be the difference in value thereby occasioned on arrival at destination, to refuse a requested charge to consider the temporary nature of the injuries.

2. Appeal and error &#9758;1082(1)—Assignment of admission of testimony held not to present substantive question within Supreme Court's jurisdiction.

Since an action for damages to cattle in shipment does not turn on the admission or rejection of testimony relating to the extent of the damage, an assignment complaining of the admission of such testimony does not present a question of substantive law, and the Supreme Court is without jurisdiction to review it under Vernon's Sayles' Ann. Civ. St. 1914, art. 1521, subd. 6.

3. Trial &#9758;191(6)—Charge exonerating railroad from liability for loading cattle properly refused as assuming plaintiff's negligence.

In an action for damages to a shipment of cattle which were loaded by the shipper, a requested charge not to consider damage caused by loading cows and calves in the same cars was properly refused as assuming that it was negligence to load the cattle in that manner.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Tom Vaughn against the Panhandle & Santa Fé Railway Company and others. Judgment for the plaintiff was affirmed by the Court of Civil Appeals (191 S.

W. 142), and defendants bring error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, Terry, Cavin & Mills, of Galveston, H. S. Garrett, of San Angelo, C. E. Mays, Jr., of Sweetwater, and Madden, Trulove, Ryburn & Pipkin, of Amarillo, for plaintiffs in error.

Mathes & Williams, of Plainview, for defendant in error.·

TAYLOR, J. Suit by Tom Vaughn, defendant in error, against the Kansas City, Mexico & Orient Railway Company of Texas, and Panhandle & Santa Fé, and the Galveston, Houston & San Antonio Railway Companies to recover damages to a shipment of cattle from Marfa, Tex., to Plainview, Tex.

Plaintiff alleged a delay of 26 hours upon the part of the Galveston, Houston & San Antonio Railway Company, at Marfa, in loading out the cattle after they were received at the pens; five hours' delay on the part of the Panhandle & Santa Fé Railway Company, at Sweetwater, before unloading there, and five hours after reloading and before forwarding; failure to feed and water the cattle, or furnish facilities therefor; and delay generally en route.

The railway companies, in addition to a general denial, alleged the following special defenses: (1) The weak and impoverished condition of the cattle, and that the damages sustained, if any, resulted from their inherent condition; (2) the provisions of the contract providing that (a) the shipper would look after, feed, and water his cattle en route, (b) the liability of each road should be limited to its own line; (3) the neglect of plaintiff to feed and water his cattle while awaiting shipment and while being held in the pens; (4) that the shipment was not made to market, but to range; and that the injuries sustained, if any, were of a temporary nature,·and that the cattle soon after arrival recovered their normal condition.

Plaintiff pleaded by supplemental petition an oral contract of shipment; also, that the written contract was signed after the cattle were loaded and the train was about to depart; that he had no knowledge of the contents of the contract, or opportunity to read it, etc. There was evidence along this line in support of the pleadings. The court submitted to the jury the question of defendants' common-law liability. The question of whether the shipment was made under the parol or written contract was not submitted. Appellant's brief assigns no error as to any omission on the part of the trial court to submit this issue, nor does it call attention to any request for its submission.

. A requested peremptory instruction in favor of defendants was denied.

Trial before a jury resulted in a verdict and judgment for plaintiff against the Galveston, Houston & San Antonio Railway Com-

pany, for $286.25, against the Panhandle & Santa Fé Railway Company for $795, and in favor of the Kansas City, Mexico & Orient Railway Company, which was affirmed by the Court of Civil Appeals. 191 S. W. 142.

The two companies against which judgments were rendered made application for writ of error, submitting five grounds of error. Upon reference to the Committee of Judges the writ was granted under the view that the Court of Civil Appeals erred in its decision of the questions presented in the second and third grounds.

[1] The first ground of error complains of the refusal of the court to give a special charge instructing the jury that, although they believed the cattle were injured as a result of defendant's negligence, yet, if they further believed that such injuries were temporary, they should take into consideration the temporary nature of the injuries and the degree to which the cattle would have recovered after arrival at Plainview, with the exercise of proper care and handling by plaintiff.

Testimony was admitted tending to show the recovery of the cattle while on the range after arrival, from the effects of shipping. The main charge of the court contained an instruction to the effect that the amount of plaintiff's damage was the difference between the market value of the cattle in the condition in which they were upon arrival at Plainview and what their market value would have been upon arrival there, except for defendant's negligence, if any.·

We find no warrant in the decisions of the Supreme Court for concluding that an additional charge of the character requested should be given in those cases in which the cattle are shipped for the range rather than for the market. G., C. & S. F. Ry. Co. v. Stanley, 89 Tex. 42, 33 S. W. 109 (citing Railway v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292); G., C. & S. F. Ry. Co. v. Hume Brothers, 87 Tex. 211, 27 S. W. 110.

We think the following excerpt from an opinion by Judge Rasbury in M., K. & T. Ry. Co. of Texas v. Mulkey & Allen, 159 S. W. 111 (writ of error refused), is a clear statement properly sustaining the court's action in refusing such additional charge:

"The court below correctly charged the jury on the measure of damages, and permitted the broadest kind of inquiry into the condition of the cattle at the time of their shipment, at the time of their arrival, as well as their condition and improvement while being fed and before they were sold. As we understand it, these are inquiries going to prove or disprove the actual damage, and may be, and doubtless were, considered by the jury in the instant case; but we do not understand that proof of such matters is authority for the court to suggest to the jury in his charge that such facts have been proven and may be considered by the jury in estimating the actual loss. Their admission in

evidence is the warrant for their consideration, but the court may not single out that particular fact, and especially direct the attention of the jury to the fact that that particular testimony may be considered."

A contrary view is expressed in Ft. W. & D. C. Ry. Co. v. Shank & Dean, 167 S. W. 1093, and Guinn v. P. & N. T. Ry. Co., 142 S. W. 63; but the later case, P. & S. F. Ry. Co. v. Norton, 188 S. W. 1011, as well as this case, all by the same court, indicate that the contrary view is no longer adhered to.

We think the holding of the Court of Civil Appeals on the assignment contained in the first ground of error is correct.

[2] The second ground of error sets out an assignment complaining of the admission of certain testimony relating to the extent of the damage of the cattle. As the case does not turn upon the admission or rejection of such testimony, the assignment does not present a question of substantive law. The Supreme Court is therefore without jurisdiction to review it. Vernon's Sayles' Ann. Civ. 1914, art. 1521, subd. 6; Browder et al. v. Memphis Independent School District, 107 Tex. 538, 180 S. W. 1077.

[3] The third ground of error is based upon an assignment of error to the court's action in refusing to instruct the jury that, although they should find that plaintiff's cattle were injured and damaged on account of defendant's negligence, yet they should not consider such damage as "might have been caused" by reason of the cows and calves being loaded and mingled in the same cars.

The testimony showed that the shipment contained 229 cows and 62 calves. It is undisputed that they were loaded by plaintiff, and that the cows and calves were mingled in the same cars. There is testimony that when so loaded there is a probability that the calves will be trampled to death by the cows. There is no evidence that such loading would cause injury to the cows. The agent of the initial carrier testified that he did not know of the shipper's intention to include calves in the shipment, and that he did not know they were in the cars with the cows until they were loaded; that he protested when he discovered it. A number of both cows and calves died en route.

While it is true that defendants were liable for only such damages as resulted from their negligence, the charge requested should not have been given.

The requested charge assumes as a matter of law that plaintiff was negligent in loading the cattle in the manner stated. That is the effect of the charge. It authorizes the jury to eliminate, from the sum total of damages which resulted prima facie from defendant's negligence, such damage as might have resulted from plaintiff's manner of loading the cattle, regardless of whether he was negli-

gent. The damage which defendant was entitled to have the jury "not to consider," or eliminate, if any, was such as resulted from plaintiff's negligence. The charge does not require a finding as to whether the loading constituted negligence on plaintiff's part, and is therefore incorrect. The court did not err in refusing it.

The principal question presented under the fourth and fifth grounds of error is that of the liability of the Galveston, Houston & San Antonio Railway Company, the initial carrier. It is the same question raised under appellant's ninth and tenth assignments of error in the Court of Civil Appeals, and, in our opinion, was correctly disposed of by that court.

We recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.