## TEXAS CITY TRANSP. CO. v. WINTERS.
## (No. 4821.)

(Commission of Appeals or Texas, Section B.
Nov. 27, 1920.)

1. Appeal and error ⚖➡1082(1)—Rulings on evidence on which case did not turn not substantive law.

Where neither plaintiff's cause of action, nor any defendant's grounds of defense turned upon the evidence claimed to have been erroneously admitted or excluded, the question of whether such evidence was properly admitted or excluded was not one of substantive law within rule giving Supreme Court jurisdiction of question of substantive law.

2. Appeal and error ⚖➡1082(1) — Questions other than of substantive law not considered general jurisdiction acquired.

Under the 1913 statute, the Supreme Court is without jurisdiction to pass on questions not of substantive law, though it has acquired general jurisdiction over the case.

On motion for rehearing. Motion overruled.

For former opinion, see 222 S. W. 541.

McCLENDON, J. The motion for rehearing is by the plaintiff in error. The ground of the motion is that error was committed in not considering the assignments of error which complain of the action of the trial court in refusing to strike out certain testimony as hearsay and in declining to permit defendant to introduce in evidence certain portions of plaintiff's pleadings. These assignments were not considered, for the reason that they did not present questions of substantive law, and were not, therefore, within the jurisdiction of the Supreme Court.

It is urgently insisted in the motion that this ruling was erroneous for two reasons: First, because the questions presented in these assignments were in fact of substantive law; and, second, because the Supreme Court upon taking jurisdiction of the case upon other grounds acquired jurisdiction for all purposes.

[1] The test laid down by the Supreme Court in Smith v. Butcher, 223 S. W. 166, for determining whether a ruling upon the admission or exclusion of testimony is a question of substantive law is whether the case can "be said to turn upon this testimony." See, also, Allen v. Pollard, 212 S. W. 468, and Railway v. Vaughan, 222 S. W. 206. It certainly cannot be said that plaintiff's cause of action or any of defendant's grounds of defense turned upon the evidence admitted or excluded. We are therefore clear, in the view already expressed, that no question of substantive law is presented by these assignments.

[2] It has been repeatedly ruled that under the 1913 statute (Laws 1913, c. 55 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1521, 1522, 1526, 1543, 1544]), under which the application in this case arose, the Supreme Court is without jurisdiction to pass upon questions not of substantive law, although the Supreme Court has acquired general jurisdiction over the case. Browder v. Memphis Independent School District, 107 Tex. 535, 180 S. W. 1077; Railway v. Vaughan, 222 S. W. 206; Langford v. Newsom, 220 S. W. 544; Moore v. Decker, 220 S. W. 773.

We conclude that the motion for rehearing should be overruled.